### PEDRO HERNANDEZ v. THE STATE.

*No. 216.   Decided June 14.*

**1. Assault with Intent to Murder—Indictment—Variance.**—Where the indictment charged an assault with intent to murder with a bowie knife, and the State was permitted, over objection, to prove that the instrument used was a butcher knife, *held*, under provisions of article 501, Penal Code, there was no variance between the allegation and the proof.

**2. Same—Charge—Drunkenness.**—On a trial for assault with intent to murder, it is not error to refuse a charge on drunkenness when the evidence does not justify such charge; nor where, if it did, temporary insanity produced by the recent use of intoxicating liquor could not have reduced the offense below murder in the second degree had death resulted from such assault. Following Evers' case, 31 Texas Criminal Reports, 318.

APPEAL from the District Court of Wharton.   Tried below before Hon. T. S. REESE.

Appellant was indicted for assault with intent to murder one Canuto Lerno with a bowie knife.  His trial resulted in his conviction, with punishment assessed at two years in the penitentiary.

On the night before the stabbing, appellant and Canuto Lerno had a difficulty over a game of monte.  The parties were drinking, and continued drinking during the night.  Next morning, while appellant was talking with some friends, Canuto, who was drunk, came up, and laying his hand on appellant's shoulder, said, "I want to see you."  Appellant slapped his hand off, and drawing a butcher knife, stabbed him in the stomach, and ran off into the field.   Dr. Valls, who attended the wounded man, described the wound as a very deep one in the front of the stomach, at the point of the ribs.   He opened the wound, took out the entrails, "and sewed them up, and by chance the man recovered.   I consider the wound a fatal one; it went into the entrails, cutting them, and I repeat, that it is only by chance that the man got well."

Some of the witnesses testified, that appellant was drunk; and he testified himself that he was so drunk that he had no recollection of and knew nothing about the occurrence.

The court refused the defendant's special requested instruction, to the effect, that the mental status of the defendant caused by drunkenness might be looked to by the jury to discover his ability to form the criminal intent necessary to the commission of the offense.

Defendant objected to all evidence which showed that the wound was inflicted with a butcher knife, on the ground that it was a variance from the allegation in the indictment that the assault was with a bowie knife.

*Linn & Mitchell*, for appellant, filed an elaborate brief.

*R. L. Henry*, Assistant Attorney-General, for the State.

SIMKINS, JUDGE.—Appellant was convicted of an assault with intent to murder, and his punishment assessed at two years confinement in the penitentiary, from which he appeals.    There are but two questions to be considered.

1. The indictment charged an assault with intent to murder with a bowie knife.   The State, over the objection of the defendant, proved that the assault and stabbing was committed with a butcher knife, and this is alleged as error.    We do not think there was any variance or error. Penal Code, art. 501.

2. The court did not err in refusing the charge on drunkenness; first, because the evidence did not justify such a charge; and secondly, admitted that it did, still if appellant would have been guilty of murder had he been sober and had death resulted, the fact that he was temporarily insane from the recent use of intoxicating liquor, or so drunk as to be incapable of forming an intent, would not have reduced the offense lower than murder in the second degree.   Evers' case, 31 Texas Cr. Rep., 318.    And the fact that the lowest punishment was in fact given supercedes any failure of the court to charge that they should look to such drunkenness in mitigation of the penalty.    The judgment is affirmed.

*Affirmed.*

Judges all present and concurring.