### Ed Granger v. The State.

No. 3668.     Decided December 12, 1906.

**1.—Carrying Pistol—Arrest—Confession—Act of Defendant.**

Upon a trial for unlawfully carrying a pistol, where the evidence showed that the officers of the law had defendant under arrest when he made certain statements denying having a pistol; and the officer testified that just before they arrested him the defendant threw away the pistol; these matters should have been excluded.

**2.—Same—Evidence—Explanation by Defendant.**

In a trial for unlawfully carrying a pistol, it was error to exclude the testimony of the defendant that he bought the pistol during the day previous to his being found with it by the officers, and that at the time he was arrested by them he was carrying it from his restaurant to his home, etc. He had a right to purchase the pistol and to carry it home.

Appeal from the County Court of Henderson. Tried below before the Hon. J. R. Blades.

Appeal from a conviction for unlawfully carrying a pistol; penalty, a fine of $100.

The opinion states the case.

*Miller & Royall,* for appellant.—Cited: Pressler v. State, 19 Texas Crim. App., 52; Waddell v. State, 37 Texas, 354; Christian v. State, id., 475.

*J. E. Yantis,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of unlawfully carrying a pistol. The State's case is that appellant carried the pistol on a certain night, and that two officers heard him talking with some parties prior to leaving his (appellant's restaurant) and make an appointment to meet at the house of a certain woman. That appellant and another party left appellant's restaurant, and the two officers shadowed them, and finally ordered them to hold up,· which was obeyed by appellant and his companion. They searched appellant for a pistol and failed to find it. The proof shows he was carrying it in his hand, wrapped up in a piece of paper; and when the officers approached him he threw it away, where it was subsequently found. After the officers held appellant up, and while examining him, appellant denied having the pistol. Objection was urged to the introduction of these statements because appellant was under arrest. Upon another trial this testimony should be excluded, as we think the evidence shows that appellant was under arrest.

Appellant's contention is that he bought the pistol during the day previous to his being found with it on the occasion mentioned by the officers, and that at the time he was arrested he was carrying it from his restaurant to his home, and that he threw it away because he knew the officers would put him in jail if they found a pistol on his person, to use his expression, "whether or no." Appellant testified among other things that he knew the parties following him were officers, and knew that they were shadowing him, and that was the reason he threw the pistol away. He did not deny having the pistol. After the testimony was closed, upon motion of the county attorney, this testimony was excluded, which ruling we think was erroneous. This account entered very largely into the case and had a tendency to explain his action in throwing the pistol away when the officers approached him.

It is contended that the evidence is not sufficient to support the conviction. If appellant's testimony is true that he had that day bought the pistol at his restaurant and was carrying it to his home that night, the jury should not have convicted him. He had a right to purchase the pistol and had a right to carry it home. The evidence shows that he could have gone home the way he was traveling, which was not as direct as another route, still the law does not require a man in going to his home to go the shortest possible route. It was a mooted question upon the trial whether he was going home with the pistol, and therefore we do not decide the question as to whether the evidence is, or is not sufficient.

Because of the withdrawal of the testimony of appellant above stated and the admission of the statements of appellant while under arrest, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

Brooks, Judge, absent.