### WILL WATERHOUSE v. THE STATE.

#### No. 1263.  Decided June 7, 1911.

**Carrying Pistol—Insufficiency of the Evidence—Traveler.**

Where, upon trial of unlawfully carrying a pistol, the evidence showed that the defendant in taking his pistol home was traveling the most practicable route and the one he most generally went, although there might have been a shorter road, the court charged the jury that the defendant must travel the shortest and most practicable route, and did not submit the special charge submitting the issue of defendant's incidental stopping to buy groceries and that he was traveling the most practicable route, the same was reversible error.

Appeal from the County Court of Shelby. Tried below before the Hon. James M. Sanders.

Appeal from a conviction of unlawfully carrying a pistol; penalty, a fine of $100.

The opinion states the case.

*S. H. Sanders,* for appellant.—On charge of court: Granger v. State, 50 Texas Crim. Rep., 488, 98 S. W. Rep., 836; Brent v. State, 57 Texas Crim. Rep., 411, 123 S. W. Rep., 593.

On the insufficiency of the evidence: Mangum v. State, 15 Texas Crim. App., 362; Quinn v. State, 50 Texas Crim. Rep., 209, 96 S. W. Rep., 33; Huff v. State, 51 Texas Crim. Rep., 441, 102 S. W. Rep., 407; Mathonican v. State, 51 Texas Crim. Rep., 471, 102 S. W. Rep., 1123; Hunt v. State, 52 Texas Crim. Rep., 477, 107 S. W. Rep., 842; Brooks v. State, 52 Texas Crim. Rep., 417; Jones v. State, id., 418; Lewis v. State, 52 Texas Crim. Rep., 7, 104 S. W. Rep., 901.

*C. E. Lane,* Assistant Attorney-General, for the State.—Cited Brent v. State, 57 Texas Crim. Rep., 411, 123 S. W. Rep., 593.

DAVIDSON, Presiding Judge.—This appellant was convicted for carrying a pistol. There is a former appeal of this case to be found in 57 Texas Crim. Rep., 590.

There are several rather interesting questions in the case which we deem unnecessary to discuss, inasmuch as we do not believe this judgment ought to stand on the evidence.

Appellant was the hired man-servant of Dr. Sims. The evidence discloses that the appellant was a negro. He had bought a pistol and had carried it to Dr. Sims', where he worked. The doctor discovered the fact that appellant had a pistol and told him to take it away or carry it home. It seems that appellant usually spent the nights at his home something like a mile from where Dr. Sims resided.. On the instructions or order of Dr. Sims, appellant took the pistol to carry home. En route he stopped at the place where he usually did his trading to make some purchases. While there it was discovered he had a pistol and the sheriff arrested him. The evidence shows that this was about as short and as practical a route to his home as any other, and seemed to be the route that he frequently or generally went home. There may have been sufficient in the evidence to show that another route could have been traveled by appellant which was slightly shorter than the one he did travel. Upon this state of case the court instructed the jury that if they believed appellant traveled the shortest and most practical route that they might acquit him; otherwise he should be convicted. We are not undertaking to state the language of the court, but that is the proposition asserted in the charge. The appellant asked special charges to the effect that if appellant was taking the pistol home and traveling a practical route, the mere fact that he stopped for the purpose of buying groceries would not make him guilty. This is in substance the charge, at least, it is the point of the charge requested. The court's charge was too stringent and not in line with the authorities of this court in regard to construing the statute with reference to carrying a pistol.

We are of opinion that the requested instructions should have been given. We are further of opinion that under the facts stated, the appellant is not guilty of violating the law. The judgment is reversed and the cause remanded.

*Reversed and remanded.*