## JIM BALDWIN V. THE STATE.

### No. 1845. Decided June 5, 1912.

**1.—Assault to Murder—Sufficiency of the Evidence.**

Where, upon trial of assault to murder, the evidence was sufficient to sustain the conviction, there was no error.

**2.—Same—Charge of Court—Drunkenness—Intent.**

Upon trial of assault to murder, there was no error in the failure of the court's charge to authorize the jury to consider evidence of drunkenness in determining whether or not he specific intent to kill existed at the time of the commission of the offense. .

**3.—Same—Intoxication—Temporary Insanity—Mitigation—Punishment.**

Neither intoxication nor temporary insanity produced by the voluntary recent use of ardent spirits, is any excuse for the commission of crime, or can mitigate the degree of the offense, but may be introduced in mitigation of the punishment.

Appeal from the District Court of Wharton. Tried below before the Hon. Wells Thompson.

Appeal from a conviction of assault with intent to murder; penalty, ten years imprisonment in the penitentiary.

The State's testimony showed that the chief prosecuting witness was an officer and had arrested the defendant for being drunk and was taking him to jail; that defendant pulled back and the officer told him to go on that he did not want to hurt him; that when they got to the jail defendant stopped and one of his friends proposed to make bond for him, but failed to do so, and as the officer ran his hand in to unlatch the gate, defendant jerked loose and ran both of his arms under the arms of the officer and a tussel ensued; that defendant drew the officer's pistol out and fired it; that the officer did not see where the first shot went to; that another party came to the assistance of the officer and they pinned defendant into the road grader which was standing there; that defendant still had the pistol and then reached around with the pistol and shot at the officer three times, missing him; that the party assisting the officer had defendant's arms pinned down under his so that defendant could not get the gun around far enough to hit the officer, but that defendant kept on fighting until some other persons came to the assistance of the officer and he was finally overpowered; that defendant was trying to shoot at the officer, and would have hit him if he had not been prevented by the person who came to the assistance of the officer.

No brief on file for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.

HARPER, JUDGE.—Appellant was indicted, tried and convicted of the offense of assault to murder, and his punishment assessed at ten years confinement in the penitentiary.

There are but two grounds in the motion, one alleging the insufficiency of the evidence, and the other is that the court erred in his charge in limiting evidence of drunkenness to mitigation of the punishment to be assessed, and did not authorize the jury to consider such evidence in determining whether or not the specific intent to kill existed at the time of the commission of the offense.

The court submitted the law applicable to aggravated assault, as well as assault to murder, and instructed the jury before they would be authorized to convict appellant of an assault to murder they must believe beyond a reasonable doubt that the assault was made with the specific intent then and there to kill and murder the prosecuting witness, and if they had a reasonable doubt as to whether such assault was upon malice, with the specific intent to murder, they would acquit of that offense, and inquire whether or not he was guilty of an aggravated assault under the charge given. Our Code provides that neither intoxication nor temporary insanity of mind, produced by the voluntary recent use of ardent spirits, shall constitute any excuse for the commission of crime; nor shall intoxication mitigate either the degree or the penalty of crime, but such evidence may be introduced in mitigation of the punishment attached to the offense for which one is on trial. The question raised by appellant was decided adversely to his contention in Hernandez v. State, 32 Texas Crim. Rep., 271; Mays v. State, 50 Texas Crim. Rep., 165, and cases therein cited.

The judgment is affirmed.

*Affirmed.*