ISIDOR (BELLS) MIRELES v. THE STATE.

No. 4349. Decided January 31, 1917.

Rehearing denied February 28, 1917.

1.—Carrying Bowie Knife—Definition·of Offense.·

Under article 1027, Penal Code, a bowie knife is defined to be a knife intended to be worn upon the person which is capable of inflicting death, and not commonly known as a pocketknife and where the knife carried by the defendant was carried by him in a scabbard and the blade was about nine inches in length with a handle four or five inches long, such character of knife is embraced in the statutory definition of a bowie knife. Following Hernandez v. State, 32 Texas Crim. Rep., 271.

2.—Same—Own Premises—Charge of Court.

It is no offense for one to carry a bowie knife on his own premises, and where the evidence showed such state of facts, the court should so have instructed the jury.

3.—Same—Arrest—Own Premises—Charge of Court.

Where, upon trial of unlawfully carrying a bowie knife, the evidence showed that defendant was a tenant, and was arrested on his place which he had rented from the landlord, and forced to leave his said premises when he had this knife on his person and to go along the public road, the court should have submitted a requested charge that this would not be a violation of law, if 'he carried the knife with him.

4.—Same—Charge of Court—Own Premises Defined.

Where defendant claimed that he had the right to carry arms prohibited by law on his person, off of his place to where he was at work for another person picking cotton, such contention was untenable.

5.—Same—Charge of Court—Requested Charges—Defensive Theories.

Where the evidence showed that defendant carried the prohibited knife at three separate and distinct places and times, and was violating the law only in one instance, that is when he carried the same on some one else's premises, the judge should have submitted a proper charge on each phase of the case, and the general charge that it was not unlawful for a person to carry a bowie knife on his own property or on property which he had rented or leased was insufficient under the facts of the instant case.

Appeal from the County Court of Guadalupe. Tried below before the Hon. J. B. Williams.

Appeal from a conviction of unlawfully carrying a bowie knife; penalty, a fine of one hundred dollars.

The opinion states the case.

P. E. Campbell, for appellant.—On question as to meaning of bowie knife: Wynn v. State, 42 S. W. Rep., 289.

On question of right of tenant to carry arms: Campbell v. State, 28 Texas Crim. App., 44; Ross v. State, 28 id., 199; Craig v. State, 60 Texas Crim. Rep., 195.

On question of carrying arms on premises of another and moving from one place to another: Hare v. State, 71 Texas Crim. Rep., 395; Grant v. State, 65 Texas Crim. Rep., 266.

*E. B. Hendricks,* Assistant Attorney General, for the State.

PRENDERGAST, JUDGE.—Appellant was convicted of unlawfully carrying on his person a bowie knife and assessed the lowest punishment.

It is unnecessary to take up all of appellant's assigned errors. He contended that the knife with which he is charged with unlawfully carrying was not a bowie knife, but was a butcher knife for cutting meat, bread, etc. We find with the record a certain knife in a scabbard, the blade of which must be some nine inches in length with a handle four or five inches long, but it is in no way identified as the knife and scabbard which was found on appellant. Our statute (art. 1027, P. C.) prescribes that a bowie knife means any knife intended to be worn upon the person which is capable of inflicting death, and not commonly known as a pocketknife. The knife described by the witnesses, and certainly the knife with the record if it was the knife carried by appellant on his person, would certainly be embraced in the statutory definition of a bowie knife. In Hernandez v. State, 32 Texas Crim. Rep., 271, where a party was indicted for an assault with intent to murder with a bowie knife and the proof showed that the knife with which the offense in that instance was committed was a butcher knife, it was held to be in effect the same thing in the view of such statute. The testimony by appellant himself in this case shows that he carried this knife in a scabbard on his person a great deal in and about his own premises.

The law is that it is no offense for a man to carry such arms as this, or a pistol, about his person on his own premises. In view of the testimony showing he so carried it on premises rented by him, the court should have so instructed the jury in this instance.

The testimony further showed, it seems without contradiction, that the fact that appellant was claimed to be unlawfully carrying said knife on his person was communicated to the sheriff, and the sheriff instructed one of the witnesses in effect to arrest the appellant and take him along a public road off of his own premises to the place of another party, to which the officer was going. This witness thereupon arrested appellant on the premises of which he was the tenant and while under this arrest forced him to leave his own premises, when he had the knife on his person in a scabbard, go along a public road and to the place designated by the officer off of his premises. Later the officer arrived there, searched the appellant and found such a knife on his person in a scabbard stuck in his pants. The State was particular to

make all this proof, not only by the officer but by other witnesses as well, and it seems the State, because of the appellant's carrying this knife on this occasion, sought his conviction. The appellant requested a charge to the effect that, if he had been arrested as stated and forced to go from his rented premises wherein he lived along the public road and to the other place designated by the sheriff, that that would not be an unlawful carrying of said knife under the law. This charge was refused. It clearly presents error. The charge should have been given.

. The testimony on another phase of the case, though disputed, showed in effect that appellant went from his own rented premises into the field of another party with this knife on his person, and there he and other persons had a fuss or fight and that he had this knife on this occasion. The testimony is disputed as to whether or not the appellant was picking cotton under the employment of the owner of that field at the time. He claims, however, that he had the right to carry arms on his person off of his place to where he was at work for another person. This is not the law. If that were true, practically every person in Texas could lawfully carry prohibited arms on or about his person.

For the errors above pointed out the judgment is reversed and the cause remanded.

*Reversed and remanded.*

MORROW, JUDGE, absent.

ON REHEARING.

February 28, 1917.

PRENDERGAST, JUDGE.—Perhaps the court was not explicit enough in its original opinion herein, which occasions the criticism thereof by the State in its motion for rehearing. We will undertake to make the matter somewhat clearer.

The State introduced the following witnesses: First, Mr. Fluitt, deputy sheriff, who testified that he saw appellant in Mr. Howell's yard on September 14, 1916; that he searched him and then and there found the knife in a scabbard on his person, in his pants. Next, Mr. Roberts, who testified that he was present when the deputy sheriff searched the person of the appellant at Mr. Howell's house and saw him take the knife off of his person. Next, Mr. Beicker, who testified on this point precisely as Mr. Roberts did. Next, Mr. Naro, who testified that on September 13th or 14th he was picking cotton for Mr. Howell in Howell's field; that trouble arose between the appellant and himself, when appellant knocked him down and had a knife in his hand; that he had only one eye, and as appellant struck him in that eye he could not identify the said knife as the knife appellant had on that occasion. Herrera next testified that he was present at said cotton picking when said difficulty arose between appellant and Naro; that he then saw the appellant with the said knife; he had it in his hand during the fight.

On cross-examination of Mr. Fluitt, the appellant proved by him that he had a capias for the arrest of the appellant and his son, doubtless because of the said fight, and that he 'phoned to Mr. Roberts to arrest appellant and his son and take them to Mr. Howell's, which place he would reach later, and that Mr. Roberts did take the appellant to Mr. Howell's on the occasion when he searched and found said knife on him. By cross-examination of Mr. Roberts the appellant proved that he rented forty acres of tillable land from Roberts that year and that he lived on Roberts' farm in one of his rent houses and that he had the right to place his work team in Roberts' pasture, which he did all the year; that on the morning of September 14th, when Fluitt 'phoned him to arrest appellant and his son and take them to Mr. Howell's, he did so; that he found the appellant on that occasion in his pasture hunting for his mules to haul cotton to the gin; that he drew his pistol on him, arrested him and took him along the public road to Mr. Howell's house, where Fluitt searched him and found the knife.

The appellant himself testified to living on Mr. Roberts' place as his tenant; that he carried that knife a great deal when he was on the place where he lived, for the purpose of cutting burrs and grass for his team; and that while out in the pasture hunting for his mules, Mr. Roberts came up on him, threw his pistol down on him and took him to Mr. Howell's. He denied that he carried the knife to Mr. Howell's field on the occasion when said fight occurred between him and Naro.

It will be thus seen that appellant was shown to have carried said knife on his person at three separate and distinct times and places: (1) on the place he had rented from Mr. Roberts and in the pasture where he kept his mules; (2) when he was arrested and forcibly taken off of Mr. Roberts' place, along the public road over to Mr. Howell's, where he was searched and this knife found upon him; and (3) in Mr. Howell's field on the occasion when said fight occurred. Clearly, under the law and evidence, he was not guilty of violating the law in carrying said knife on either the forty acres of tillable land that he had rented from Mr. Roberts nor in Mr. Roberts' pasture where he kept his team and had the right to go to get them as a part of his rented premises, nor when he was carried along the public road and taken to Mr. Howell's, where he was searched and this knife found upon him. If the jury should believe the State's testimony that he carried the knife in Mr. Howell's field on a previous occasion, at which time he had the fight with Naro, then he would be guilty of unlawfully carrying it on that particular occasion only so far as the evidence in this case develops.

The court in charging the jury told them correctly that the statute provides that if any person shall unlawfully carry on or about his person any bowie knife, he shall be punished by fine, etc.; then submitted the case to them in another paragraph and told them that if they believed from the evidence beyond a reasonable doubt that he did on or about September 14th have on or about his person a bowie knife,

he would be guilty and to so find and assess his punishment, etc. In a separate paragraph he did tell the jury, "that it is not unlawful for a person to carry a bowie knife upon his own property or on property which he has rented or leased." On this point appellant requested a special charge, which the court refused, to the effect that if they believed that the appellant carried the knife but that at the time he carried it he was on the premises of Mr. Roberts and that he was at the time living on Mr. Roberts' premises, then he had the right to carry it there. As the State had made it a point to prove that appellant had the knife on his person while on Mr. Roberts' place, his rented premises, we think the court should have specifically instructed the jury as requested by the appellant, and that the said general charge just above quoted was not sufficient under the circumstances.

In another separate and distinct paragraph he told the jury, "that if defendant was on premises which he had rented when arrested and carried off of the premises that in that instance he would not be unlawfully carrying a bowie knife." To us this would limit his right to carry it on his rented premises only. As shown above on this point, appellant requested, as stated in the original opinion, a charge to the effect that if he had been arrested and forced to go from his rented premises along the public road and to Mr. Howell's, where the deputy sheriff searched him and found the knife upon him, it would not be unlawful for him to carry the knife along the road and to Howell's, off of his premises forcibly while under arrest. We think the separate paragraph of the court's charge last above quoted was not sufficient on this point, and, as we held in the original opinion, the jury should have been specifically told that appellant was guilty of no offense by having the knife upon his person when he was forced to go from Mr. Roberts' premises along the public road and to Mr. Howell's.

The motion is overruled.

*Overruled.*