### R. C. GUNZEL V. THE STATE.

No. 10264.   Delivered June 23, 1926.

**Carrying a Pistol—Evidence—Held Insufficient.**

Where a tenant farmer had vacated the house of his landlord, but was still in possession of the land on which his crops were yet ungathered, and had his stock and hogs still on the premises and permission of the landlord to continue so until his crops were all gathered, the premises were in effect his own, and it was not unlawful for him to carry a pistol thereon. Following Mireles v. State, 192 S. W. 241.

Appeal from the County Court of Wheeler County.   Tried below before the Hon. A. C. Wood, Judge.

Appeal from a conviction of carrying a pistol, penalty a fine of $100.

The opinion states the case.

*Norman Coffee* of Wheeler, for appellant.

*Sam D. Stinson*, State's Attorney, and *Robert M. Lyles*, Assistant State's Attorney, for the State.

BAKER, JUDGE.—The appellant was convicted in the County Court of Wheeler County for unlawfully carrying a pistol, and his punishment assessed at a fine of $100.

The record discloses that the appellant was a tenant farmer for the year 1925 on premises located in Wheeler County and owned by Alfred Burgess, who resided at that time in the State of Oklahoma.   It appears that on January 1, 1926, Burgess desired to move upon said premises, and there being but one residence available, it was understood and agreed between Burgess and the appellant that the latter would move out of the residence and deliver possession of same to him, Burgess, with the understanding that appellant would have the right to gather his cotton and maize then in the field and to keep his hogs and

mules on said premises while gathering the crops referred to. Pursuant to said agreement, Burgess moved into the house formerly occupied by the appellant, and the appellant secured a vacant house on the adjoining premises and moved therein, but left on the premises in question his mules and hogs and was on said premises every day thereafter attending to his stock and looking after his crops. It appears that on January 18, 1926, while the appellant was on said premises looking after his hogs, a difficulty arose between him and his brother-in-law, Albert Wagner, in the course of which the appellant attempted to use a pistol. It was the contention of the state that the appellant, by reason of having permitted the owner of the premises to occupy the dwelling, surrendered all of his rights as a tenant and was not justified in carrying a pistol thereon. The appellant defended upon the ground that he was on the premises where his business was located, and he had not surrendered his right to occupy said premises, but that he had the right to keep his stock thereon, with the consent of the owner, and the right to enter thereon at will for the purpose of gathering his crops and looking after his hogs, and it was not unlawful for him to have a pistol thereon. The owner of the premises, Burgess, testified that it was perfectly all right with him for the appellant to keep his hogs and mules on said premises while he was gathering his crops, and that he, the witness, expected the appellant to come upon said premises for the purpose of attending to said stock and for the further purpose of gathering the cotton and maize thereon, and that he claimed no interest in said crops except his rent therefrom. This is a sufficient statement of the facts for the discussion in this opinion.

The appellant urgently insists that the evidence in this case is wholly insufficient to support the verdict of the jury, citing in support of said contention the case of Mireles v. State, 192 S. W. 241. After a careful examination of the entire record, we have reached the conclusion that the appellant's contention is correct and that the evidence clearly shows that the appellant, at the time he possessed said pistol, was not violating any law, under the doctrine announced in the Mireles case, supra.

There are other issues raised, but the disposition we have made of the case precludes the necessity of discussing same at this time.

For the error above mentioned, we are of the opinion that

the judgment of the trial court should be reversed and remanded, and it is accordingly so ordered.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined and the Judges of the Court of Criminal Appeals and approved by the Court.