# FEBRUARY 16, 1938

JOE BIVENS V. THE STATE.

No. 19429. Delivered February 16, 1938.

The opinion states the case.

*Styles & Erickson* and *C. R. Bell, Jr.,* all of Bay City, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

HAWKINS, JUDGE.—Conviction is for unlawfully carrying a dirk, punishment being thirty days' imprisonment in jail.

It was alleged in the complaint and information that appellant carried on his person a "dirk."

A deputy sheriff arrested appellant on a warrant from another county, and found on his person a knife described as follows: "* * * A single edged bladed knife, blade about five inches long, slightly curved at the point, with a guard and bone handle." The knife was in a scabbard. The arresting officer testified that the weapon was *not* a "dirk," but that it was an unlawful weapon. Another officer who was city marshal at the time of the trial, had formerly been sheriff of the county and a peace officer for eighteen years, after identifying a dirk, a bowie knife and a fishing knife, testified that "a dirk was a two-edged weapon, a poniard. The knife taken off of the defendant being a single-edged weapon is *not* a dirk but a bowie knife, however it is a dangerous and an unlawful weapon."

Appellant insisted that the State had not supported the averment of the information that the weapon was a dirk and requested the court to instruct a verdict of not guilty. Instead the court instructed the jury over appellant's objection that a "dirk" meant any knife intended to be worn upon the person which is capable of inflicting death and not commonly known as a pocket knife. In addition to objecting to the foregoing definition appellant requested the court to define a dirk in conformity with the evidence, which the court declined to do.

Article 483, P. C. (1925), designating the knives which may be unlawfully carried on or about the person names them as "dirk," "dagger," "bowie knife" and "any other knife manufactured or sold for the purposes of offense or defense." Article 1160, P. C., authorizes an increased punishment for the offense of assault with intent to murder if the assault was committed

with a bowie knife or dagger. Article 1161, P. C., reads as follows: "A 'bowie-knife' or 'dagger' as here and elsewhere used means any knife intended to be worn upon the person which is capable of inflicting death and not commonly known as a pocket knife." The foregoing legislative definition of the two named knives is not the one of ordinary use, but is an enlargement thereof. Why the Legislature did not include therein a "dirk" can not well be perceived, but it did not, therefore, we are relegated to its ordinary meaning as it stands in Art. 483, and the evidence makes it clear that as so understood the knife found upon appellant was not a dirk.

If appellant had been charged with carrying either a bowie knife or dagger, the definition given by the court would have been correct as found in Art. 1161, P. C. See also Mireles v. State, 80 Texas Crim. Rep., 648, 192 S. W., 241; Hernandez v. State, 32 Texas Crim. Rep., 271, 22 S. W., 972.

Appellant claims to have found the knife in question and asserted that he was carrying it home when arrested. He complained that the charge given by the court in regard to his rights in the premises was too restrictive. In the event of another trial we call attention to Brent v. State, 57 Texas Crim. Rep., 411, 123 S. W., 593; Waterhouse v. State, 62 Texas Crim. Rep., 551, 138 S. W., 386; Granger v. State, 50 Texas Crim. Rep., 488, 98 S. W., 836.

The evidence failing to sustain the averments in the information and complaint as to the weapon appellant was charged with carrying, the judgment is reversed and the cause remanded.

*Reversed and remanded.*