## JOE LEE CHILDERS v. THE STATE.

No. 23653. Delivered May 21, 1947.
Rehearing Denied June 25, 1947.

*Bartlett & Bartlett,* of Marlin, for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

DAVIDSON, Judge.

Murder is the offense; the punishment, twenty years in the penitentiary.

That appellant killed deceased by stabbing or cutting him with some character of knife is not disputed. The State's testimony shows an unprovoked and unjustified killing; that of the appellant shows a killing in self-defense, without malice and with no intent to kill.

The indictment charged that the killing was with a "dagger."

It is insisted that the testimony does not meet that allegation but, to the contrary, shows that the instrument used was a "dirk" and that there is a material distinction between a "dagger" and a "dirk."

No witness described the knife as a dagger. Witnesses for the State, as well as the appellant himself, referred to the instru-

ment as a "dirk." No definite description of the instrument admittedly used by appellant appears in the testimony, other than that it was a knife with a large blade with a knot on the handle and worn on the person in a scabbard.

The knife was introduced in evidence and was therefore before the jury.

In common usage, the terms "dirk" and "dagger" are synonymous. In fact, Webster's Dictionary says that a dirk is a kind of dagger. It is insisted, however, that the terms have been defined by the statute law of this State so as to make the two terms separate and distinct, one from the other, and that a "dirk" is materially different from a "dagger."

By Art. 483, P. C., it is made unlawful to carry on or about the person, among other things, any "dirk," "dagger," or "any other knife manufactured or sold for the purposes of offense or defense."

By Art. 1161, P. C., as a part of and in connection with the law of assault with intent to murder, the Legislature defined the term "dagger" as follows:

"Bowie-knife" and "dagger."

"A 'bowie-knife' or 'dagger' as here and elsewhere used means any knife intended to be worn upon the person which is capable of inflicting death and not commonly known as a pocket knife."

It will be noted that the definition given to the term "dagger" was not restricted alone to the law of assault with intent to murder but, by the use of the term "elsewhere," the definition was made applicable generally. When the Legislature gives a specific meaning to a word or term, that definition controls.

In Bivens v. State, 133 Tex. Cr. R. 604, 113 S. W. (2d) 921, the prosecution was for unlawfully carrying a "dirk." There was testimony to the effect that the instrument worn by the accused was not a "dirk," but was a "bowie-knife." Under Art. 1161, P. C., a "bowie-knife" and "dagger" have the same meaning. In that case, it was insisted that under such testimony the State had failed to sustain the allegation of the information that the instrument alleged to have been unlawfully carried was a "dirk." This contention was sustained by the court's conclusion that the definition given by Art. 1161, P. C. to the term "bowie-knife" or "dagger" was specific and did not include "dirk."

It is apparent, therefore, that the terms "dirk" and "dagger" are not synonymous but are different, one from the other. Such conclusion by no means requires a reversal of the instant case.

The instrument used by the appellant was in evidence and before the jury. The trial court required the jury to find affirmatively that the instrument used was a "dagger" in order to convict. No definition of that term was given in the charge. Appellant neither requested that the term "dagger" be defined in the charge, nor did he except or object to the failure of the trial court to do so. Consequently, appellant's position, here, rests alone upon the contention that the instrument was described by witnesses as a "dirk" and therefore the State was bound thereby.

The jury had the knife or instrument before them and, without a definition to guide them, were left in position to determine for themselves whether the knife was a dagger. That they did so find is evidenced by the verdict of guilty, under the charge as given.

Under such circumstances, as well as the record before us as a whole, we cannot say that the jury were not authorized to say that the knife before them was a dagger. Consequently, we are unable to agree with appellant that the facts do not support the jury's conclusion in the matter.

Appellant insists that he was entitled to have the jury affirmatively instructed upon his defensive testimony of a lack of intent to kill.

The trial court required the jury to find, in order to convict, that appellant had the intent to kill. Also, the trial court charged upon aggravated assault and the jury were instructed upon the lack of intent to kill.

It is true, however, as charged by appellant, that the trial court did not instruct affirmatively, from the standpoint of the appellant, as to the lack of an intent to kill, on his part.

But, be that as it may, we are unable to reach the conclusion that appellant was entitled, in the first instance, to the charge on the lack of intent to kill. It is the rule of long standing that where the instrument used in committing a murder is a deadly

weapon per se, a lack of intent to kill on the part of the accused is not required to be submitted. Under such circumstances, the law presumes an intent to kill. Myatt v. State, 114 Tex. Cr. R. 516, 26 S. W. (2d) 915; Hadnot v. State, 110 Tex. Cr. R. 109, 7 S. W. (2d) 566; Franklin v. State, 137 Tex. Cr. R. 136, 128 S. W. (2d) 389.

The definition of a "dagger," as contained in Art. 1161, P. C., makes such instrument a deadly weapon per se.

The facts here presented bring this case within the rule stated.

As a part of his defensive theory of a killing without malice, appellant introduced testimony of insulting conduct on the part of deceased toward his wife. He insists that he was entitled to have the jury instructed that such conduct constituted adequate cause, whereby the jury would be authorized to assess the punishment no higher than that affixed for a murder without malice.

To this contention we cannot agree. We have repeatedly held that statutory adequate cause no longer exists under our present murder statute, and that a charge thereon would now be upon the weight of the evidence. The latest expression attesting the rule stated will be found in Mosley v. State, 196 S. W. (2d) 822.

Finding no reversible error, the judgment of the trial court is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON APPELLANT'S MOTION FOR REHEARING.

BEAUCHAMP, Judge.

Appellant's motion for rehearing treats principally the failure of the original opinion to discuss his Bill of Exception No. 1, in which complaint is made of the refusal of the court to permit the witness Conway Royal to give an opinion that the accused was not mad at anybody on the morning before the homicide in the evening. The two boys had gone to the City of Waco and, while there, appellant purchased the knife involved which, according to his own testimony, was for the purpose of skinning cattle. After the witness Royal had given the

evidence on the subject, the defendant "inquired as to the state of the defendant's mind at the time he bought the knife, by inquiring as to whether or not the defendant was in a good humor at the time he went to Waco with said witness." The bill recites that the witness would have testified that defendant was in a good humor and not mad at anyone on this occasion.

Appellant invokes Article 1257-a, of the Penal Code, and takes the position that it was a transaction so related to the homicide as to become admissible under the terms of said article. It has been held that the law making relevant facts and circumstances surrounding a killing admissible does not extend the rules of evidence. Wiggins v. State, 27 S. W. (2d) 236; and Russell v. State, 45 S. W. (2d) 622.

The evidence sought was merely the opinion of the witness on a matter wherein his opinion was not competent evidence. As a general rule of evidence this will not need citation of authorities. The only question is whether or not the article of the statute referred to changes the rule. We think it does not.

Appellant's motion for rehearing is overruled.