JESSIE LOUISE CARPENTER V. STATE.

No. 24878. November 15, 1950.
State's Motion for Rehearing Granted January 10, 1951.
Appellant's Motion for Rehearing Denied March 21, 1951.

Maxwell Burket, San Antonio, for appellant.

William N. Hensley, Criminal District Attorney, and M. C. Gonzales, Assistant Criminal District Attorney, San Antonio, and George P. Blackburn, State's Attorney, Austin, for the state.

BEAUCHAMP, Judge.

The appeal is from a conviction for murder, with a sentence of ten years in the penitentiary.

It was charged in the indictment that appellant murdered Rena Mae Rice "by then and there cutting and stabbing her with a knife."

Both appellant and deceased were Negro women who lived with their husbands on M Street, in San Antonio, a short distance from each other. The deceased and her husband operated a cafe which, it is indicated, stayed open a large part of the night, where their customers resorted for drink and gambling. The two families had been at outs for sometime. At about one o'clock in the morning someone threw a rock on the top of the house occupied by deceased and her husband. On investigation, they found appellant going across the street to her house. The other parties involved appeared on the street. Appellant was first seen standing at the corner of her house and then she went in and turned out the lights. Sometime thereafter appellant's husband came home and was called into the residence of deceased and her husband, where he learned that they were accus-

ing appellant of throwing the rocks. Appellant called her husband away, but he returned to the Rice place soon thereafter. While he was discussing the matter with the Rice family, appellant came out and demanded to know what was going on. A number of Negroes were present. What occurred thereafter is much in dispute from the evidence.

Appellant, supported by some witnesses, gave testimony claiming her act was in self-defense. It is without dispute that appellant and the deceased were in a fight and that deceased received three cuts on the body which were described as superficial and another wound in her back which extended all the way through the chest wall, through the lung. This is described as the fatal wound.

The evidence is sufficient to support the conviction if submitted to the jury under proper charge.

Bill of Exception No. 1 complains of the failure of the court to charge the jury on the question of intent to kill. The bill presenting this cannot be considered because it is in question and answer form. However, the matter was raised by an exception to the court's charge, which brings it for our consideration. The court overruled the exception with the following statement: "The evidence showing the knife to be a deadly weapon, being a dirk with a 4 1/8 inch blade. The court refused the charge of intent to kill."

The knife in question was introduced in evidence and sent to this court as a part of the record. We think the court's conclusion that it was a dirk is error. It is an ordinary hunting knife, as generally described, being four inches in length from the jaw to the end of the blade.

The question thus raised is identical with that considered by this court in Goldman v. State, 150 Texas Crim. Rep. 24, 198 S.W. 2d 895. The authorities relied on were discussed at great length and it will not be necessary to restate them here. Following the Goldman case, we think the court committed error in assuming that the knife was a deadly weapon and in failing to respond to the exception lodged against his charge. See also 22 Texas Jurisprudence, p. 965, Sec. 261, on Intent, and authorities therein discussed.

For the error discussed, the judgment of the trial court is reversed and the cause is remanded.

542

BEAUCHAMP, Judge.

On original submission we found but one troublesome question which complained of the failure of the court to charge the jury on the question of intent to kill. We accepted the description of the knife and the knife itself, which was brought before us in the record, as being one which was not a deadly weapon. In its ordinary acceptation of the term it is not. This fact is admitted in the state's motion for rehearing. We followed the case of Goldman v. State, 150 Texas Crim. Rep. 24, 198 S.W. 2d 895, in reversing the case.

The state has filed a motion for rehearing in which our attention is directed to Article 1161 of the Penal Code which defines a deadly weapon as follows:

"A 'bowie-knife' or 'dagger' as here and elsewhere used means any knife intended to be worn upon the person which is capable of inflicting death and not commonly known as a pocket knife."

In a recent case of Childers v. State, 150 Texas Crim. Rep. 453, 202 S.W. 2d 930, this court held, as has always been the rule, that a dagger and a dirk are deadly weapons per se.

In considering the instant case, as in the case of Goldman v. State, supra, we have entirely overlooked the above quoted article of the Penal Code, which must take precedence over the common understanding of what is required to constitute a dirk or dagger. The holding of the court in the Goldman case was error and it is now specifically overruled.

Having concluded upon rehearing that the instrument is a deadly weapon per se, being defined by law as a "dagger" or "bowie-knife", the state's motion for rehearing is granted and the judgment of conviction is affirmed.

ON APPELLANT'S MOTION FOR REHEARING.

DAVIDSON, Judge.

Appellant insists that we erred in our conclusion that the knife used in the killing was a bowie knife or dagger, and therefore a deadly weapon per se.

The question has been again examined in the light of that

contention, and we remain convinced that the knife here used was such a weapon.

Having reached that conclusion, it necessarily follows that it was not incumbent upon the trial court to require a finding on the part of the jury of an intent to kill in order to convict. Childers v. State, supra; Baylor v. State, 151 Tex. Cr. R. 365, 208 S. W. 2d 558.

The motion for rehearing is overruled.

Opinion approved by the court.