**Humberto ARMENDARIZ, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 38754.**

Court of Criminal Appeals of Texas.

Nov. 24, 1965.

Edward S. Marquez, El Paso, for appellant.

Jack N. Fant, County Atty., John P. Foxworth, Asst. County Atty., El Paso, and Leon B. Douglas, State's Atty., Austin, for the State.

MORRISON, Judge.

The offense is unlawfully carrying a dagger; the punishment, a fine of $100.00.

Trial was before the Court without the intervention of a jury. Officer Southwell testified that the proprietor of the Ritz Bar stopped him as he was traveling in a patrol car, that he entered the bar and found appellant seated with a woman arguing with another patron seated some six stools away, and that he told the other patron to leave the bar and then spoke to appellant. He stated that when he asked appellant to leave he refused to do so and started an argument, at which time he concluded that appellant was intoxicated, placed him under arrest and before putting him in the patrol car searched his person and found an open knife in his right front pants pocket.

Appellant denied that he was intoxicated and stated that he complied with the officer's order that he leave the bar, but that after he had walked some 40 feet, the officer called him back and retrieved the knife in question from his left pants pocket and that it was closed at the time.

The sole question presented for review is appellant's contention that the instrument which he was carrying was a pocket knife and not a dagger. A scaled picture of the instrument appears in the record. It is slightly over seven inches in length when open; it is equipped with a double guard, and the blade locks in place when open and is sharpened on both edges for slightly more than an inch from the point.

We have concluded that the trial court did not abuse his discretion in finding that the instrument met the definition contained in Article 1161, Vernon's Ann.P.C. See Bivens v. State, 133 Tex.Cr.R. 604, 113 S.W. 2d 921.

The judgment is affirmed.