**Robert GOLDEN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 05–83–00056–CR.**

Court of Appeals of Texas, Dallas.

March 11, 1983.

Jack W. Frieze, Irving, for appellant.

Henry Wade, Dist. Atty., W.T. Westmoreland, Asst. Dist. Atty., for appellee.

Before STOREY, FISH and GUILLOT, JJ.

PER CURIAM.

Robert Golden appeals his conviction for carrying an unlawful weapon. The trial court assessed punishment at a thirty day probated term along with a fine of one hundred fifty dollars. Appellant contends that the evidence fails to show that he carried an "illegal knife to-wit: a dagger" as charged in the information. We disagree and affirm.

Public service officer B.J. Miller recovered a knife from appellant during a routine search upon book-in to jail. Miller testified that this knife was a belt buckle dagger. Appellant introduced Miller's drawing of the weapon. The drawing shows a knife with a three-inch blade. The parties stipulated that both sides of the blade were sharpened.

Citing *Bivens v. State,* 133 Tex.Cr.R. 604, 113 S.W.2d 921 (1938), appellant argues that a two-sided knife is a dirk and not a dagger; therefore, the evidence is insufficient to show that he carried a dagger as alleged. We observe, however, that *Bivens* was decided under article 483 of the former penal code. That statute prohibited the carrying of certain weapons, including the dirk and the dagger. The present statute, Tex.Penal Code Ann. § 46.02(a) (Vernon 1974), punishes the carrying of a handgun, illegal knife or club. Pursuant to section 46.01(6)(C) an illegal knife may be a "dagger, including but not limited to a dirk, stiletto, and pon-

iard." Whether or not the weapon recovered from appellant may be characterized as a dirk, for purposes of section 46.02 a dirk is included within the definition of a dagger. No insufficiency is shown.

Affirmed.