ISAAC EMBREY V. THE STATE.

No. 7635.   Decided April 11, 1923.

Rehearing Denied June 13, 1923.

1.—Murder—Requested Charge—Cause of Death.

Where appellant complained of the refusal of the court below to instruct the jury that if the death of the deceased was due to a lack of proper medical treatment and that death would not have resulted under the wound sustained by him, if he had received competent medical aid within a reasonable time thereafter, the offense should be reduced to an aggravated assault, but the record showed that the evidence did not raise such an issue there is no reversible error.   Following Wood v. State, 31 Texas Crim. Rep., 572, and other cases.

2.—Same—Rehearing—Cause of Death—Requested Charge.

Where there was no testimony supporting the issue of supervening cause, there was no error in the refusal of the requested charge that death was due to a lack of proper medical treatment, etc.

Appeal from the District Court of Milam.   Tried below before the Honorable John Watson.

Appeal from a conviction of murder; penalty, ten years imprisonment in the penitentiary.

The opinion states the case.

*B. P. Matocha* and *Roy Baskin,* for appellant.—On question of insufficiency of evidence, Alexander v. State, 17 Texas Crim. App., 617.

*R. G. Storey,* Assistant Attorney General, for the State.

MORROW, PRESIDING JUDGE.—The conviction is for the offense of murder; punishment fixed at confinement in the penitentiary for a period of ten years.

The deceased was killed at a church about a mile from town.   He

received a stab wound in the stomach. The knife used had a blade about three and three-quarters inches in length; and there was testimony to the effect that it was a deadly weapon.

A doctor testified that he was called and went immediately to the scene of the homicide, but that the deceased had died before he reached him. In the opinion of the doctor, he bled to death. The doctor did not probe the wound and could not say whether an artery was severed, though he would judge that if the man lived for an hour or an hour and a half after he was stabbed that the artery was not punctured, but that if he died within forty-five minutes, the contrary would be true. The doctor, in testifying further, used this language:

"If the man died within forty-five minutes it would indicate to my mind as a physician that he was cut very severely. In fact if I had been there I could hardly have moved him to the hospital and got ready to operate in that length of time. There would have been nothing to have been done except open the abdomen and tied the blood vessel that was bleeding. It would have been perfectly all right to have operated on him with a knife if you did not have anything better to operate with if you knew the man was bleeding to death, even if you had to do it with a pocket knife to save the negro. That would be what is termed 'first aid.' If you had taken the negro over to the hospital and done some sterilizing and fixed up the operating room, the negro would have been dead if he just lived forty-five minutes after he was cut. Evidently there was some blood vessel punctured that caused the loss of blood from which he died. I consider that a fatal wound under the circumstances."

There was proof that the death occurred within three-quarters of an hour after the wound was inflicted.

Appellant raised the issues of self-defense. The State's testimony was such as to show an absence of justification.

The only legal question presented is that in which appellant complains of the refusal of the court to instruct the jury that if the death of the deceased was due to a lack of proper medical treatment. and that death would not have resulted from the wound sustained by him if he had received competent medical aid within a reasonable time thereafter, the offense should be reduced to an aggravated assault. The State contends that the facts are not sufficient to require the submission of this issue, and we regard this contention as sound. See Wood v. State, 31 Texas Crim. Rep. 572; Smith v. State, 33 Texas Crim. Rep. 513; Lahue v. State, 51 Texas Crim. Rep. 166; Vernon's Tex. Crim. Stat., Vol. 1, Sec. 1082; Francis v. State, 75 Texas Crim. Rep. 362, 170 S. W. Rep. 779. That the injury inflicted by appellant caused the death of deceased seems not open to question. The mere fact that a surgeon was not at hand to render immediate aid cannot be regarded as a supervening cause. The

reasoning in the cases to which reference is made seems conclusive against appellant's theory.

The judgment is affirmed.

*Affirmed.*

ON REHEARING.

June 13, 1923.

LATTIMORE, JUDGE.—In an urgent manner appellant insists that the special charge asked by him should have been given. Said charge is as follows:

"Gentlemen of the Jury: If you believe from the evidence that the death of the deceased, Gordon Jones, was due to a lack of proper medical treatment, and that death would not have resulted from the wounds sustained by him if he had received competent surgical aid within a reasonable time thereafter, or if you have a reasonable doubt thereof, you can find the defendant, Isaac Embrey, if at all, of no higher grade of offense than that of aggravated assault."

There is no dispute of the fact that the blow inflicted by appellant was intentional it being the State's position that same was with malice, that of the appellant, that it was in self-defense. Nor can there be any question raised of the proposition that from said blow death resulted. There was no testimony supporting the issue of supervening cause. The doctor who reached the scene of the difficulty after death testified that deceased bled to death. Whether he did in forty-five minutes or an hour and a half after he was cut by appellant, would not affect the fact that appellant cut him with a knife and from the direct effect of said cut, his death resulted. We have held in many cases that even though the deceased be already suffering from a disease or other wound, if the act of the accused hastened death, he may be held criminally responsible. Powell v. State, 13 Texas Crim. App. 254; Gardner v. State, 44 Texas Crim. Rep. 572; Garner v. State, 45 Texas Crim. Rep. 310; Duque v. State, 56 Texas Crim. Rep. 214. It is also the rule that if a wound cause a disease which produces death, it is imputable to the wound. Hart v. State, 15 Texas Crim. App. 231; Smith v. State, 33 Texas Crim. Rep. 517; Franklin v. State, 41 Texas Crim. Rep. 21. The court is not required to charge on improper treatment as affecting death unless there be evidence to support such theory, even though doctors say the wound was not necessarily fatal. Woods v. State, 31 Texas Crim. Rep. 572; Outley v. State, 99 S. W. Rep. 95.

We regard the charge of the learned trial court in the instant case as exceptionally full and fair. The only issue aside from that of self-defense as testified to by appellant, was that of an assault in sudden passion without intent to kill such as is referred to in Art. 1149 of

94 T. C.—38.

our Penal Code, and this theory was fully covered by the court's charge. The jury have decided this and the other issues against appellant and we see no reason for disturbing their verdict.

The motion for rehearing will be overruled.

*Overruled.*