LELA MASON v. THE STATE.

No. 7619.   Decided April 25, 1923.

Rehearing Denied June 6, 1923.

1.—Murder—Manslaughter—Sufficiency of the Evidence.

Where, upon trial of murder and a conviction of manslaughter, the evidence, although conflicting, was sufficient to sustain the conviction, there is no reversible error.

2.—Same—Culpable Homicide—Intent—Deadly Weapon.

One who intentionally inflicts a wound upon another with a deadly weapon from the effects of which wound death results without any intervening cause must be held guilty of some grade of culpable homicide.

3.—Same—Medical Aid—Consequences of. Wound.

That the wound was not of itself necessarily fatal and a showing of the fact that the deceased died from loss of blood which might have been prevented if medical aid had been promptly obtained does not alter the conclusion that the evidence supports the conviction, in the absence of effort to obtain such aid.

4.—Same—Rehearing—Practice on Appeal.

Where the motion for rehearing presents no new question, and no complaint is made of any oversight on the part of this court in not passing upon or comprehending the issues submitted and decided in our former opinion, the same must be overruled.

Appeal from the District Court of Jefferson.   Tried below before the Honorable E. A. McDowell.

Appellant from a conviction of manslaughter; penalty, five years imprisonment in the penitentiary.

The opinion states the case.

*Howth & O'Fiel, L. B. Tucker* and *Lamar Hart,* for appellant.— Cited: Armsworthy v. State, 88 S. W. Rep., 215; Johnson v. State, 65 id.; 93; Franklin v. State, 51 id., 951; Wilson v. State, 160 id., 83; Morgan v. State, 16 Tex. Crim. App., 593.

*R. G. Storey,* Assistant Attorney General, for the State.

LATTIMORE, JUDGE.—Appellant was convicted in the District Court of Jefferson County of manslaughter, and her punishment fixed at five years in the penitentiary.

The case appears to have been tried without reservation of a single bill of exceptions. We have examined the facts. The testimony was conflicting as to who began the difficulty resulting in the death of Mattie Black from a knife wound inflicted by appellant. The jury have resolved the conflicts of testimony against appellant. Her contention that the evidence is not sufficient to support such conviction, is not sound. One who intentionally inflicts a wound upon another with a deadly weapon from the effects of which wound death results without any intervening cause, would be held guilty of some grade of culpable homicide. That the wound was not of itself necessarily fatal and a showing of the fact that deceased died from loss of blood which might have been prevented if medical aid had been promptly obtained, does not alter our conclusion that the evidence supports the conviction. No effort on the part of appellant is shown to procure medical aid or in any way to prevent the consequences of the wound apparently inflicted by her with a deadly weapon and with the intent to injure.

No error appearing in the record, the judgment will be affirmed.

*Affirmed.*

### ON REHEARING.

### June 6, 1923.

LATTIMORE, JUDGE.—The motion for rehearing presents no new questions, nor is complaint made of any oversight on the part of this court in not passing upon or comprehending the issues submitted, and decided in our former opinion. No new authorities are presented nor reason urged. why our former conclusion was incorrect. The only questions raised are those already decided by us, and the only authorities cited are those which we have already reviewed.

The motion for rehearing will be overruled.

*Overruled.*