## W. H. Myatt v. The State.

No. 12253.   Delivered June 12, 1929.
Rehearing granted April 2, 1930.
Reported in 26 S. W. (2d) 915.

The opinion states the case.

*Stinson, Hair, Brooks & Duke* of Abilene, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

CHRISTIAN, JUDGE.—The offense is murder; the punishment confinement in the penitentiary for ten years.

Appellant shot and killed J. E. Saunders. Several months before the homicide deceased and appellant had had some trouble over the fact that appellant's stock would enter upon deceased's premises. According to appellant's testimony deceased had killed a mule belonging to appellant and had shot one of appellant's fine hogs. Appellant offered testimony tending to show that deceased had threatened to kill him. He further testified that deceased had had many difficulties with others and that he had heard about such difficulties prior to the homicide. Touching the immediate transaction resulting in the death of deceased, appellant testified that he met deceased in a road; that deceased said: "Oh, yes, G— d— you, I've got you this time"; that he, appellant, endeavored to ride by deceased; that deceased said: "G— d— you, stop, I'm going to kill you"; that at the time deceased made this statement he (deceased) had his hand behind his back; that believing that deceased was going to kill him he pulled his gun and shot deceased twice; that it was not his purpose or intention to kill deceased; that having in mind the threats that had been communicated to him he believed deceased was manifesting an intention to execute such threats.

Complaint is made in bill of exception Number 10 of the action of the district attorney in asking appellant if deceased did not have a better record than he had. Prior to asking the question complained of the district attorney had cross-examined appellant relative to the difficulties appellant said he heard deceased had had with others. The court sustained appellant's objection to the question referred to and promptly instructed the jury not to consider said question for any purpose. No answer to the question was made. While the question was probably improper, we think the prompt action of the court in instructing the jury to disregard it cured the error.

Appellant testified that his brother told him that deceased had said that he killed appellant's mule and that he was going to kill appellant. Appellant's brother testified that he communicated this threat to appellant. On cross-examination the state asked appellant's brother who told him about this threat. The witness answered that Dennis Perry gave him the information. Appellant objected to the question and answer for the reason that it was not shown that the witness' information had been communicated to appellant and that such testimony was hearsay. Later Perry denied that he had made the statement attributed to him by appellant's brother. We understand the general rule to be that the state may prove any relevant and material facts and circumstances tending to discredit evidence of threats by deceased. That the evidence complained of was admissible under the rule mentioned seems obvious. 30 Corpus Juris, Section 478, page 242.

The evidence showed that several years prior to the homicide one of appellant's hogs entered upon deceased's premises. Deceased shot the hog. Unfriendly feeling between appellant and deceased resulted. Appellant testified that he advised deceased that if he would put his stock up and let him know the damage he would pay for it. He said that deceased said: "I don't put up people's stock, I shoot them." As shown by bill of exception Number 5 the wife of deceased testified that about the time she heard that a hog had been shot she saw a hog about deceased's chicken houses, and that this hog turned over hen's nests and turkey nests. Appellant objected to this testimony on the ground that it was not shown to be the same hog that had been shot and that there was no proof showing that appellant knew or was informed of the matters inquired about. We fail to see the relevancy of the testimony in question. However, we do not think that its reception in evidence under the facts disclosed by the record would warrant a reversal. Appellant was informed that his hog had been on the premises of deceased. In his conversation with deceased concerning this hog appellant advised deceased that he was willing to pay for any damage done by his stock. Certainly everybody in a country where hogs are raised knows that these animals will destroy hen nests and other property as well when permitted to run at large. If the jury concluded from the testimony of appellant that his hog had been upon deceased's premises and that deceased had shot it—and this was appellant's testimony—we are unable to reach the conclusion that the further fact that some nests may have been upset would lead reasonable men to sympathize

with deceased to the extent of causing them to be prejudiced against appellant.

The court submitted an instruction covering the law of aggravated assault. Appellant objected to the failure of the court to instruct the jury in substance that an assault becomes aggravated when committed with a deadly weapon under circumstances not amounting to an intent to murder or maim. The objection was not well taken. It is true that appellant said that he did not intend to kill deceased. However, the weapon used by appellant was per se deadly. He intentionally shot deceased in the breast with a pistol. The law presumes under such circumstances an intent to kill. Hadnot v. State, 7 S. W. (2d) 566; Collins v. State, 299 S. W. 403. Hence the issue of aggravated assault was not raised.

By timely exception complaint was made of the failure of the court to apply the definition of malice aforethought to the facts. The court instructed the jury, in substance, that if they had a reasonable doubt as to whether appellant was actuated by malice aforethought they could not assess his punishment at a longer period than five years. Under the decisions of this court the charge sufficiently applied the law to the facts. Crutchfield v. State, 10 S. W. (2d) 119; Mercer v. State, 13 S. W. (2d) 689.

Appellant excepted to the charge of the court on the ground that the jury were in effect advised that they must find that deceased had actually threatened to kill appellant before they could give him the benefit of the charge on the law of self-defense based on threats. The court's charge advised the jury that it was immaterial insofar as the rights of appellant were concerned as to whether the threat or threats testified to by appellant and his witnesses were ever made or not, provided that such threats had been communicated to appellant and provided further that he believed that such threats had in fact been made. In applying the law of threats to the facts the jury were charged as follows:

"You are further charged that if you believe any such threat or threats were made, or threats as testified to by any of the witnesses on the stand in this case, were communicated to the defendant, whether they were in fact made or not, and you further believe at the time the defendant killed the deceased, J. E. Saunders, if he did kill him, that it reasonably appeared to the defendant at the time, from the acts and words of the said J. E. Saunders, or from some act then done, or from such acts and words by the said J. E. Saunders, that he, the said J. E. Saunders, was about to carry out the threat or

threats so made, or if you have a reasonable doubt thereof, then and in that event you will find the defendant not guilty."

It is true that in the latter part of the charge quoted inapt words may have been used by the court when he stated that if it reasonably appeared to appellant that deceased was about to carry out the *threats so made* he should be acquitted. However, a reading of the entire charge evidences the fact that the jury were pointedly instructed that it was immaterial whether the threats were in fact made. This was proper in view of the fact that there was an issue as to whether such threats had been in fact made by deceased.

As hereinbefore shown the witness Dennis Perry denied that he had stated to appellant's brother that deceased had threatened to kill appellant. The court limited this testimony to the purpose of impeachment. Appellant did not object to the testimony being limited but contends that the court's charge on the subject was on the weight of the evidence. We do not understand that it was necessary to limit this testimony at all. If it was necessary to limit it we are unable to agree with appellant that his exception to the court's charge was well taken.

We have not undertaken to discuss all of the many bills of exception found in the record. A careful examination of every contention made by appellant leads us to the conclusion that reversible error is not presented.

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON APPELLANT'S MOTION FOR REHEARING.

CHRISTIAN, JUDGE.—Appellant earnestly insists that bill of exception No. 5 manifests reversible error. We held in the original opinion that the testimony of the wife of deceased that she saw a hog about deceased's chicken houses and that this hog turned over hens' nests and turkey nests was erroneously admitted. The opinion was expressed that, under the facts disclosed by the record, the error in admitting such testimony was harmless. In view of the fact that the case must be reversed upon another ground, we pretermit further discussion of the question, except to say that upon another trial the testimony in question should be excluded.

It is contended that the court's charge upon threats in effect advised the jury that they must find that deceased had actually threatened to kill appellant before they could give him the benefit of the charge on the law on self-defense based on threats. There was an issue as to whether the threats were in fact made. In the original opinion we held that the court's charge was inaptly worded, but that considering the charge in its entirety, we were of the opinion that the jury were instructed that it was immaterial whether the threats were in fact made. Any intention to approve the form of the charge set out in the original opinion is disclaimed. If, upon another trial, the issue of threats is presented in the same manner disclosed by the present record, the court's charge upon such issue should conform to the suggestion embraced in the exception mentioned in the original opinion.

Under the facts here we are unable to reach the conclusion that we were in error in holding that it was unnecessary to limit the testimony of Dennis Perry to the purpose of impeachment.

The indictment contained three counts. The first count alone was submitted to the jury. It was not alleged in said count that the killing was done with malice aforethought. Hence the state was not authorized to seek a penalty in excess of five years. Swilley vs. State, Opinion 12,792, delivered December 11, 1929, not yet reported. The jury assessed the penalty at imprisonment in the penitentiary for ten years.

Appellant's motion for rehearing is granted, the judgment of affirmance is set aside, the judgment of the trial court is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.