### Dock Cox v. The State.

No. 13223.   Delivered May 7, 1930.
·Reported in 28 S. W. (2d) 146.

The opinion states the case.

*W. J. Oxford* of Stephenville and *L. J. Wardlaw* of Fort Worth, for appellant.

*A. A. Dawson,* State's Attorney, of Austin, for the State.

LATTIMORE, Judge.—Conviction for murder; punishment, eighteen years in the penitentiary.

We see no good to come from a statement of the facts in this case.   The charge of the court submitted to the jury the question of inflicting a penalty in excess of five years.   This charge the court was not authorized to give, the indictment failing to charge a killing upon malice aforethought.

The indictment having failed to set out an allegation that the killing was upon malice aforethought, the action of the jury in assessing a penalty in excess of five years, would necessitate a reversal.   There is complaint of the form of the court's definition of malice aforethought.   Without setting it out, it is suggested that it is better to follow approved forms.

There is complaint in a bill of exception of statements made by deceased, introduced upon the theory that they were part of the res gestae.   So much of same as contained the statement of deceased, in effect, "I am dying from hunger, I am starving to death," should not have been received.   See Sec. 162, Underhill on Criminal Evidence.

The judgment will be reversed and the cause remanded.

*Reversed and remanded.*