CLAUDE SPICER v. THE STATE.

No. 13393.   Delivered May 28, 1930.
Reported in 28 S. W. (2d) 810.

The opinion states the case.

*J. W. Taylor,* of Waco, for appellant.

*A. A. Dawson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for murder; punishment, eight years in the penitentiary.

Appellant has a bill of exception complaining of the refusal of the court to submit to the jury a charge presenting the theory that if the jury believed that deceased or those in attendance upon him failed to tie up the wound, or prevent the flow of blood, or that they delayed procuring medical attention, or delayed doing other things that the circumstances demanded, in order to prevent death, and but for these failures on their part the deceased would not have died, and that such failures constituted gross negligence and manifestly improper treatment, and that they superinduced the death of deceased, then and under such circumstances said death would not be complete by the act, agency and procurement of the accused, and that appellant should be acquitted.   The facts in this case show that the deceased was shot at a dance out in the country, and that no skilled person or one with medical knowledge was present, also that a doctor was phoned to who advised the parties upon their information as to the injury, that such injured party should be taken to Waco to a hospital.   The shooting occurred about 10 or 10:30 o'clock at

night, and deceased was shot in the leg or thigh. He was carried in an automobile to Waco where he died some time about 1:00 o'clock that night. Some questions were put to a doctor about the effect of using a tourniquet to stop the flow of blood, and also indicating that there were doctors nearer to the scene of the shooting than Waco, which was some miles further than the nearest town. There is no suggestion that any affirmative act of any other person produced or affected the wound or caused the death. The matter has often been before the court, two of the recent cases being Embrey v. State, 94 Texas Crim. Rep. 591, and Mason v. State, 94 Texas Crim. Rep. 532. In the latter case we held that a showing that a knife wound was not of itself necessarily fatal, and that deceased died from loss of blood which might have been prevented if medical aid had been promptly obtained, did not affect the guilt of the accused. See Smith v. State, 33 Texas Crim. Rep. 513; Lahue v. State, 51 Texas Crim. Rep. 159. We think the court not in error in declining to submit to the jury this theory.

There is a bill of exceptions complaining of the method and manner of written answer made by the trial court to a question asked by the jury. We think the court's action correct, and that the matter need not be set out at length.

There is complaint also of the fact that on cross-examination of appellant the State was permitted to ask him the following question: "Did your wife ever tell you that she shot deceased?" which elicited from appellant the answer "No." The bill further sets out that thereafter appellant's wife took the stand and claimed in her testimony that she was the one who fired the shot that killed deceased. She further testified that the morning after the shooting she told her husband that she fired said shot. The ground of the exception is that the question called for a privileged communication. Without discussing the proposition involved, we merely state that the witness having answered the question in the negative, no privileged communication was elicited.

The punishment inflicted in this case was more than five years in the penitentiary. The indictment failing to allege that the homicide was upon malice aforethought, a penalty of more than five years could not be upheld.

The judgment will be reversed and the cause remanded.

*Reversed and remanded.*