ETHEL JESSIE v. THE STATE.

No. 16447.  Delivered March 21, 1934.
Rehearing Denied May 9, 1934.

The opinion states the case.

*Jesse Owens,* of Vernon, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—The appellant was tried and convicted of the offense of assault with intent to murder and her punishment assessed at confinement in the State penitentiary for a term of two years.

The testimony shows that the appellant was the mother-in-law of the assaulted party. On the occasion of the alleged assault, the injured party came to the home of the appellant and after some uncomplimentary remarks were passed between them, the injured party intended to leave and had gone out into the street when appellant said something about injured party's husband, whereupon the injured party returned and inquired if her husband was there and started into the house, at which time the appellant remarked, "Don't come in this house. I will cut your head off," whereupon the injured party started out of the house and as she did so the appellant grabbed her by the hair, dragged her into the back part of the house and cut her five times with a knife. The doctor who treated the injured party testified that he found five wounds upon her person, one of which was in the groin and was a dangerous wound, and there was one deep wound in the thigh, and some minor wounds on the arms and the back. The appellant's plea was self-defense.

By bill of exception No. 1 the the appellant complains of the action of the trial court in permitting the State to prove on cross-examination of Gladys Johnson that the appellant's name was Coltzor before it was Scott and that she was an Adams before she married Coltzor; that she had two children by Adams, one of them was the husband of the injured party, and the other a Mrs. Asalee Martin. This was objected to by the appellant because it was immaterial and irrelevant. We are inclined to agree with the appellant that it was immaterial and irrelevant,

but it was harmless and not calculated to injure the appellant or prejudice her rights. Hence, no error is shown and the bill is overruled.

By bill of exception No. 2 the appellant complains of the action of the trial court in declining to permit her to impeach one of her witnesses who testified contrary to her expectations. The bill fails to show that the appellant had talked to the witness before placing him on the stand or that he had misled her by inducing her to believe he would testify to a certain state of facts and then testified to a different state of facts. Hence, the bill fails to show any error. A similar question was before this court in the case of Simnacher v. State, 43 S. W., 512, and Childs v. State, 10 Texas App., 183.

Appellant in her motion for new trial for the first time complains of the court's charge. No objection was made to the court's charge and no exception reserved. Therefore, any error, if any there be in the charge, is not properly brought before this court for review. Hence, we cannot consider the same.

Finding no reversible error in the record, the judgment of the trial court is in all things affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—An indictment for assault with intent to murder need not allege that the assault was with malice aforethought, unless the State seeks a conviction for assault to murder upon malice aforethought. Friday v. State, 117 Texas Crim. Rep., 37; Cates v. State, 118 Texas Crim. Rep., 35. Such indictment need not set out the means or instrument used to effect the assault. Perez v. State, 114 Texas Crim. Rep., 473.

The trial court in this case,—following the mandate of section 2 of the present statute relative to assault to murder, as amended by chapter 61, acts Regular Session of 42nd Legislature,—properly charged on malice aforethought, but the jury, as they had a right to do, found appellant guilty of assault to murder without malice. The court's charge also submitted the issue as to whether there was in appellant's mind a specific intent to kill at the time of such assault, which is one of the necessary elements of assault to murder. Mrs. Adams, the assaulted party, swore positively that appellant cut her with a knife. The

wounds inflicted took forty-three stitches to sew up, and were characterized by Dr. Moore as dangerous.

The motion for rehearing will be overruled.

*Overruled.*