ROGER DUNN v. THE STATE.

No. 17301. Delivered March 27, 1935.

230

The opinion states the case.

*W. H. Barnes,* of Terrell, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—The appellant was tried and convicted of the offense of assault with intent to murder, and his punishment was assessed at confinement in the State penitentiary for a term of two years.

The indictment, omitting the formal parts thereof, reads as follows: "That Roger Dunn on or about the 1st day of June, A. D. 1934, and anterior to the presentment of this indictment, in the County of Kaufman and State of Texas, did then and there unlawfully in and upon B. B. Burks make an assault with the intent then and there to murder the said B. C. Burks, against the peace and dignity of the State."

The court in his charge to the jury, among other things, instructed them as follows: "Now, if you believe from the evidence beyond a reasonable doubt, that the defendant, Roger Dunn, on or about the 1st day of June, A. D. 1934, in Kaufman County, Texas, with malice aforethought, as hereinbefore defined, did assault the said B. C. Burks with intent then and there to kill the said B. C. Burks, you will find the defendant guilty of an assault with intent to murder and so say by your verdict, and assess his punishment at confinement in the penitentiary for a term of not less than two nor more than fifteen years, as you may determine and state in your verdict."

The jury in the case returned the following verdict: "We, the jury, find the defendant guilty as charged in the indictment of assault with intent to murder, with malice aforethought, and assess his punishment at confinement in the penitentiary for a term of two years."

It occurs to us that the charge of the court and the verdict of the jury are not in accord with the allegations in the indictment, in this, that the indictment did not charge the appellant with an assault with intent to murder with malice aforethought, which, however, was not necessary unless the State sought a conviction for an assault to murder upon malice aforethought. Under the indictment in the instant case the appellant's punishment could not have been assessed at less than one nor more than three years, while his punishment under an allegation of

an assault to murder with malice aforethought might have been not less than two nor more than fifteen years. In cases wherein the State seeks to impose a punishment greater than that provided for under an allegation contained in the indictment, it would be necessary to allege that the assault with intent to murder was with malice aforethought. In the case of Garcia v. State, 19 Texas App., 392, this court, speaking through Judge Hurt, said:

"This indictment charges an assault with intent to murder, omitting the weapon with which said assault was made. The proof shows that the assault was made with a butcher-knife, such as, under the statute, is a bowie-knife or dagger.

"Unless the assault be made with a bowie-knife or dagger, or in disguise, the punishment is confinement in the penitentiary not less than two nor more than seven years. If, however, it be made with a bowie-knife or dagger, or in disguise, the punishment shall be double. * * *

"Notwithstanding it is not alleged that the assault was made with a bowie-knife or dagger, the learned judge charged the jury: 'You are further instructed that if you find from the evidence that the assault, if any, was made with a bowie-knife or dagger, then the punishment will be by confinement in the penitentiary not less than four nor more than fourteen years.' * * *

"Was it error to submit to the jury this charge? We think so. * * * The plain reason of the rule is, that if the circumstances which constitute the crime or increase the punishment are not set out in the indictment, the accused would not be informed of the offense with which he is charged, or of the penalty to which he is liable."

Mr Bishop in discussing an assault says: "An assault being punishable in a particular way, if a statute enhances the punishment when a specified fact attends it, the greater punishment cannot be awarded unless the indictment charges such aggravated fact."

In the case of Jessie v. State, 70 S. W. (2d) 743, this court, speaking through Judge Lattimore on motion for rehearing, said: "An indictment for assault with intent to murder need not allege that the assault was made with malice aforethought, unless the State seeks a conviction for assault to murder upon malice aforethought."

In the instant case the jury, under the court's charge, assessed the minimum punishment for an assault with intent to murder with malice. Is it not probable that if the court had

instructed the jury on the law of an assault with intent to murder without malice, they might have assessed his punishment at confinement in the penitentiary at one year, the lowest punishment prescribed by art. 1160, P. C., as amended by the 42nd legislature? But even if the jury had assessed appellant's punishment at two years, under the indeterminate sentence law the court would have been required to sentence him to serve not less than one nor more than two years; hence, it is obvious that the court's charge was not in accord with the allegation in the indictment and was an infringement upon appellant's legal right.

For the error above pointed out, the judgment of the trial court is reversed and the cause is remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.