JOHN WEATHERSBY V. THE STATE.

No. 17734.   Delivered November 20, 1935.

The opinion states the case.

*F. A. Dale,* of Bonham, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is assault with intent to murder; the punishment, confinement in the penitentiary for three years.

Art. 1160, P. C., as amended, reads, in part, as follows: "If any person shall assault another with intent to murder, he shall be confined in the penitentiary not less than two nor more than fiftteen years; provided that if the jury find that the assault was committed without malice, the penalty assessed shall not be not less than one nor more than three years confinement in the penitentiary; * * *."

Omitting the formal parts, the indictment reads as follows: "John Weathersby heretofore, on or about the 18th day of November, in the year of our Lord, one thousand nine hundred and thirty-four, in the county of Fannin and state of Texas, did then and there unlawfully in and upon Tobe Johnson make an assault with the intent then and there to murder the said Tobe Johnson."

The jury returned the following verdict: "We, the jury, find the defendant John Weathersby, guilty of assault with intent to murder with malice and assess at three years in prison. (Signed) U. S. Dodson, Foreman."

The judgment follows the verdict of the jury and adjudges appellant to be guilty of "the offense of assault with intent to murder with malice."

The State's attorney before this court confesses error, and cites Dunn v. State, 81 S. W. (2d) 87, wherein this court held that an indictment for assault with intent to murder not embracing an averment that the assault was made with malice aforethought would not supportt a conviction for assault with intent to murder upon malice aforethought. In Jessie v. State, 70 S. W. (2d) 743, we said: "An indictment for assault with intent to murder need not allege that the assault was with malice aforethought, unless the State seeks a conviction for assault to murder upon malice aforethought."

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Court of Criminal Appeals and approved by the Court.