## EUGENE MOORE v. THE STATE.

No. 18661. Delivered December 16, 1936.

The opinion states the case.

*Cunningham & Lipscomb,* of Bonham, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—Appellant was convicted of the offense of an assault with intent to murder with malice aforethought, and his punishment was assessed at confinement in the state penitentiary for a term of fifteen years.

The indictment, omitting the formal parts, charged, "that in said County of Grayson and State of Texas, on or about the 1st day of March, A. D. 1936, one Eugene Moore did then and there unlawfully in and upon Vesta Lyons make an assault, with the intent then and there to murder the said Vesta Lyons."

Art. 1160, P. C., as amended (Vernon's Ann. P. C.) reads as follows:

"If any person shall assault another with intent to murder, he shall be confined in the penitentiary not less than two nor more than fifteen years; provided that if the jury find that the assault was committed without malice, the penalty assessed shall be not less than one nor more than three years confinement in the penitentiary."

The jury returned the following verdict: "We, the jury, find the defendant guilty of assault with intent to murder, with malice aforethought, and assess his punishment at confinement in the state penitentiary for fifteen years." The judgment follows the verdict of the jury.

In the case of Jessie v. State, 70 S. W. (2d) 743 (744), this court said: "An indictment for assault with intent to murder need not allege that the assault was with malice aforethought, unless the State seeks a conviction for assault to murder upon malice aforethought." This holding has been followed in the cases of Dunn v. State, 81 S. W. (2d) 87, and Weathersby v. State, 87 S. W. (2d) 1102, on the theory that where the indictment failed to charge that the assault with intent to murder

was made with malice aforethought it would not sustain a conviction for an assault with intent to murder upon malice.

The judgment of the trial court is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.