JOHN EARL JONES V. THE STATE.

No. 19060. Delivered June 2, 1937.

The opinion states the case.

*John B. McNamara,* of Waco, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

HAWKINS, JUDGE.—Conviction is for assault with intent to murder, punishment assessed being ten years in the penitentiary.

The indictment in two counts alleged that appellant made an assault upon Mrs. John Earl Jones with intent to murder her. There is no averment in either count that the assault was made with malice aforethought.

It is urged here that in the absence of such averment the jury was unauthorized to assess a greater punishment than three years; in other words, that the averments of the indictment do not support the judgment carrying the penalty assessed.

Art. 1160, P. C., as amended in 1931 by the 42nd Legislature reads:

"If any person shall assault another with intent to murder, he shall be confined in the penitentiary not less than two nor more than fifteen years; provided that if the jury find that the assault was committed without malice, the penalty assessed shall be not less than one nor more than three years confinement in the penitentiary; * * *"

It has been held that under the statute in question an indictment for assault with intent to murder which omits the averment that it was committed with malice aforethought will support a judgment carrying a penalty of three years or less, but if the increased penalty is desired the averment that the offense was committed with malice aforethought is indispensable. Jessie v. State, 126 Texas Crim. Rep., 250, 70 S. W. (2d) 743; Dunn v. State, 128 Texas Crim. Rep., 229, 81 S. W. (2d) 87; Weathersby v. State, 87 S. W. (2d) 1102; Moore v. State, 99 S. W. (2d) 932. For a discussion of the same question as it relates to murder, see Swilley v. State, 114 Texas Crim. Rep., 228, 25 S. W. (2d) 1098; Myatt v. State, 114 Texas Crim. Rep., 516, 26 S. W. (2d) 915; Spicer v. State, 115 Texas Crim. Rep., 111, 28 S. W. (2d) 810.

Appellant's contention must be sustained.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*