## DOCK McKEE v. THE STATE.

No. 19508. Delivered April 13, 1938.

310

The opinion states the case.

*Hiram G. Brown,* of Mount Pleasant, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is assault with intent to murder with malice; the punishment, confinement in the penitentiary for three years.

Omitting the formal parts, the indictment reads as follows: "On or about the 13th day of July, 1935, anterior to the presentment of this indictment, in the county and State aforesaid, Dock McKee did then and there unlawfully in and upon P. D. Thornton, did make an assault, with the intent then and there to kill and murder the said P. D. Thornton, by then and there cutting him, the said P. D. Thornton, with a knife."

The court charged on assault with intent to murder with malice. The jury returned the following verdict: "We, the jury, find the defendant guilty of assault with intent to murder with malice aforethought and assess his punishment in the penitentiary for a term of three years. Signed. C. N. Goodwin, Foreman."

Article 1160, P. C., as amended (Vernon's Ann. P. C., Art. 1160), reads, in part, as follows: "If any person shall assault another with intent to murder, he shall be confined in the penitentiary not less than two nor more than fifteen years; provided that if the jury find that the assault was committed without malice, the penalty assessed shall be not less than one nor more than three years confinement in the penitentiary."

In Dunn v. State, 81 S. W. (2d) 87, this Court held that an indictment for an assault with intent to murder not embracing an averment that the assault was made with malice aforethought would not support a conviction for assault with intent to murder upon malice aforethought. To the same effect is the holding in Weathersby v. State, 87 S. W. (2d) 1102. In Jessie v. State, 70 S. W. (2d) 743, we said: "An indictment for assault with intent to murder need not allege that the assault was with malice aforethought, unless the State seeks a conviction for assault to murder upon malice aforethought."

The indictment herein will not support a conviction for an assault with intent to murder upon malice aforethought.

It was improper for the State to elicit from the injured party testimony to the effect that he had heard that appellant had cut other people. Appellant's objection to the question should have been sustained.

Upon another trial the court should give in charge the provisions of Article 1223, P. C. See Yarborough v. State, 84 S. W. (2d) 729.

The judgment is reversed and the cause remanded.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.