R. E. Eubank and J. M. Braswell, both of Paris, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

GRAVES, Judge.

Appellant was convicted of an accomplice to murder, and a life term was assessed by the jury.

There are no bills of exception nor statement of facts in the record. The proceedings in the transcript appear to be proper and regular, with the exception of the sentence, which fails to observe the indeterminate sentence law. The sentence will be reformed so as to read that appellant is sentenced to the penitentiary for a term of not less than two years and not more than for life, and as thus reformed, the judgment is affirmed.

## COLLINS v. STATE.
### No. 20377.

Court of Criminal Appeals of Texas.

April 26, 1939.

A. W. Pirtle, of Houston, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

KRUEGER, Judge.

The offense is an assault with intent to murder; the punishment assessed is confinement in the state penitentiary for a term of five years.

The indictment, omitting the formal parts, reads as follows:' "* * * That Ernest Collins, on or about the 22nd day of October A. D. 1938, * * in the County of Fayette and State of Texas, did then and there unlawfully in and upon Ernest Young, Jr. make an assault with the intent then and there to murder the said Ernest Young, Jr. against the peace and dignity of the State."

At the trial of the case, appellant waived a jury with the consent of the district attorney and the approval of the Court and entered a plea of guilty. The State offered the injured party as its only witness. He testified, in substance, that appellant called him a s— of a b—— and he knocked him down. That after he had knocked appellant down, appellant cut him three times; once across the breast and twice across the hip.

The Court found appellant guilty of an assault with intent to murder and assessed his punishment at confinement in the state penitentiary for a term of five years.

It will be noted that the indictment does not charge that the assault was

made with malice aforethought. Consequently it will not support a conviction for an assault to murder with malice aforethought.

Art. 1160, P.C., as amended by Acts 1931, 42d. Legis. p. 95, Ch. 61, Vernon's Ann.P.C., art. 1160 reads as follows: "If any person shall assault another with intent to murder, he shall be confined in the penitentiary not less than two nor ' more than fifteen years; provided that if the jury find that the assault was committed without malice, the penalty assessed shall be not less than one nor more than three years confinement in the penitentiary * * *."

■ The indictment failing to charge an assault with intent to murder with malice aforethought will not support a conviction for a higher offense than an assault to murder without malice, and the punishment assessed cannot be greater than three years. Therefore we cannot permit the judgment of conviction to stand. See Dunn v. State, 128 Tex.Cr.R. 229, 81 S.W. 2d 87; Weathersby v. State, 129 Tex.Cr. R. 420, 87 S.W.2d 1102; McKee v. State, 134 Tex.Cr.R. 309, 115. S.W.2d 943.

For the error hereinabove pointed out, the judgment is reversed and the cause remanded.

### PER CURIAM.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.