CASEY CROWN V. THE STATE.

No. 21994. Delivered March 11, 1942.

The opinion states the case.

*A. E. Owens,* of Alpine, for appellant.

*Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

The conviction is for the offense of an assault to murder with malice. The punishment assessed is confinement in the State penitentiary for a term of five years.

It is charged in the indictment, omitting the formal parts, that on or about the 13th day of May, 1941, and "interior" to the presentment of the indictment, in the county and State aforesaid, Casey Crown did, then and there unlawfully in and upon Julian Mendias, make an assault with the intent then and there to murder the said Julian Mendias.

The court, in his charge to the jury, instructed them that if they believed from the evidence beyond a reasonable doubt that the defendant, Casey Crown, on or about the 13th day of May, 1941, in the County of Presidio and State of Texas, with a deadly weapon and with malice aforethought, * * * did assault the said Julian Mendias with the intent then and there to kill the said Julian Mendias, they should find him guilty * * * and assess his punishment at confinement in the State penitentiary for a term of not less than two nor more than fifteen years. The court also instructed the jury that if they believed from the evidence beyond a reasonable doubt that the assault was made with the intent to murder without malice, to find the defendant guilty and assess the punishment at confinement in the State penitentiary for a term of not less than one nor more than three years. However, under the instruction from the court, the jury found appellant guilty of an assault to murder with malice and assessed his punishment as above stated.

The indictment failing to charge an assault with an intent to murder with malice, appellant could not be convicted of an assault with intent to murder with malice. He could only be convicted of an assault to murder without malice. Consequently the conviction for an assault to murder with malice is not justified under the indictment. See McKee v. State, 115 S. W. (2d) 943; Collins v. State, 127 S. W. (2d) 451, 136 Tex. Cr. R. 600.

For the error herein pointed out, the judgment of the trial court is reversed and the cause remanded.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.