## Louis Rios v. The State.

No. 22811. Delivered March 29, 1944.
Rehearing Denied May 24, 1944.

The opinion states the case.

*P. E. Campbell*, of Seguin, for appellant.

*Ernest S. Goens*, State's Attorney, of Austin, for the State.

DAVIDSON, Judge.

Appellant and his brother, Jesus Rios, were jointly indicted for assaulting H. H. King with intent to murder. A severance was granted and appellant was tried first, resulting in his conviction, with two years' confinement in the penitentiary being assessed as punishment.

The indictment not having alleged that the assault was committed with malice aforethought, no higher grade of offense than that of assault with intent to murder without malice was charged.

An extended statement of the facts is not deemed called for. It is sufficient to say that, a short time prior to the instant transaction, appellant and his brother had engaged in a difficulty, with other parties, viz., members of the negro race; after which, appellant and his brother got into their car and drove to the opposite side of the street; and, while in the car (according to the testimony of the prosecuting witness, King), the appellant fired at King, with a pistol, the bullet passing about twenty inches over his head, lodging in the wall of a building, and continued to snap the pistol at him about four times, as they drove away. King is a negro; but, according to the State's testimony, he was in no manner connected with, or involved in, the previous difficulty mentioned. King's testimony alone warranted the jury's conclusion.

Appellant, as well as others, testified that it was his brother, Jesus Rios, who fired the shot at King because King threw a bottle at appellant and his brother, and cursed them. Appellant admitted that the acts and conduct of the negroes during the difficulty made him "mad at all of the negroes."

Appellant testified that, after his brother had fired the shot, he (appellant) took the pistol away from him, put it on the back seat of the car, and did not again take it out. Just where the car was when this occurred is not made clear.

In rebuttal, the State proved, by the witness Dibrell, that after the car had been moved from the scene of the shooting, and about half a block therefrom, "when they turned the corner they pulled the pistol out at me just like that (indicating). They pointed the pistol at me."

Appellant objected to this testimony as being irrelevant and immaterial, and as proving the commission of another and extraneous offense.

The qualification to the bill of exception shows that the trial court entertained the view that such was a part of the res gestae and, therefore, admissible. The trial court's conclusion was correct. However, the testimony was admissible for another reason, it being contradictory of the appellant's testimony to the effect that, after the shooting, he took the pistol away from his brother and put it on the back seat of the car.

The judgment of the trial court is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

HAWKINS, Presiding Judge.

Much space in appellant's motion is taken up by statements of the alleged injured party given in evidence in the trial of Jesus Rios, and which are claimed to be at variance with the testimony of said witness in the present trial. We are bound by the record as made upon the instant trial. Of course, what occurred in the subsequent trial of appellant's codefendant has no proper place in this record and may not be considered.

The conflict in the state's testimony and that given by appellant and his witnesses was settled by the jury in favor of the state. Upon a controverted fact issue this court can not substitute its judgment for that of the jury.

The motion for rehearing is overruled.