## WASHINGTON v. STATE.

### No. 23316.

Court of Criminal Appeals of Texas.

April 3, 1946.

B. R. Reeves, of Palestine, for appellant.

Ernest S. Goens, State's Atty., of Austin, for the State.

KRUEGER, Judge.

The conviction is for the offense of assault with intent to murder with malice. The punishment assessed is confinement in the state penitentiary for a term of five years.

Appellant brings forward two complaints. The first is that the conviction of an assault with intent to murder with malice is not authorized under the allegation in the indictment. The second is that the evidence is insufficient to sustain his conviction of an assault with intent to murder without malice.

It is charged in the indictment, omitting the formal parts, as follows: "That Willie Washington, on or about the 29th day of November, A.D., one thousand nine hundred and forty-four, and anterior to the presentment of this indictment, in the County of Anderson and State of Texas, did then and there unlawfully in and upon W. H. Grounds, make an assault with the intent then and there to murder the said W. H. Grounds, against the peace and dignity of the State."

The court charged an assault with intent to murder with malice. The jury returned the following verdict: "We, the jury, find the defendant, Willie Washington, guilty of assault with intent to murder W. H. Grounds, and assess his punishment at five (5) years confinement in the state penitentiary."

Article 1160, Vernon's Ann. P.C., reads in part as follows: "If any person shall assault another with intent to murder, he shall be confined in the penitentiary not less than two nor more than fifteen years; provided that if the jury find that the assault was committed without malice, the penalty assessed shall not be less than one nor more than three years confinement in the penitentiary."

This court has held many times that an indictment for an assault with intent to murder not embracing an averment that the assault was made with malice aforethought would not support a conviction for an assault with intent to murder with malice aforethought. See Dunn v. State, 128 Tex.Cr.R. 229, 81 S.W.2d 87; Crown v. State, 143 Tex.Cr.R. 506, 159 S.W.2d 872; McKee v. State, 134 Tex.Cr.R. 309, 115 S.W.2d 943; Collins v. State, 136 Tex.Cr.R. 600, 127 S.W.2d 451.

It will be noted in the instant case that the indictment fails to charge an assault with intent to murder with malice aforethought. Therefore, the punishment assessed could not be in excess of three years' confinement in the penitentiary. Consequently, the conviction in this case cannot be upheld.

In view of the fact that we are reversing this case for the reason above stated, we do not deem it necessary to express an opinion relative to his second complaint further than to say that under the facts as disclosed by this record, we seriously doubt the sufficiency thereof to support a conviction of an assault with intent to murder.

For the error herein pointed out, the judgment of the trial court is reversed and the cause remanded.

PER CURIAM.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.