PEARL CROWLEY V. THE STATE.

No. 23476. Delivered December 11, 1946.
Rehearing Granted February 12, 1947.

GRAVES, Judge, dissenting, on rehearing.

*Wm. E. Davenport*, of San Angelo, for appellant.

*Ernest S. Goens*, State's Attorney, of Austin, for the State.

KRUEGER, Judge.

The offense is an assault with intent to murder. The punishment assessed is confinement in the State penitentiary for a period of three years.

Appellant's first contention is that the trial court erred in instructing the jury on the law of murder with malice, and also with reference to the punishment prescribed by law for such offense, because the indictment only charged her with an assault with intent to murder without malice. We note that the jury found her guilty as charged, which means guilty of an assault to murder without malice, and assessed her punishment at confinement in the State penitentiary for a term of three years— the maximum punishment prescribed by law for such an offense. The court, in sentencing the appellant, sentenced her to confinement in the State penitentiary for not less than one nor more than three years. We agree with her that in the absence of an averment in the indictment that an assault to murder was committed with malice aforethought, the court should not have instructed the jury on the law of an assault to murder with malice. We are of the opinion, however, that although it was improper for the court to instruct the jury on the law of an

assault to murder with malice, yet that error passed out of the case when the jury found her guilty of an assault to murder without malice.

Appellant cites us to the case of Dunn v. State, 81 S. W. (2d) 87, as supporting her contention. We have read that case and find quite a distinction between it and the present one. In that case the jury specifically found the accused guilty of an assault to murder with malice, although it was not so charged in the indictment. In the instant case, the jury merely found appellant guilty of an assault to murder without malice, as charged in the indictment. Thus it will be noted that there is quite a difference between that case and the one under consideration. We think the difference is so obvious that any further discussion thereof is unnecessary.

Appellant's next contention is that the evidence is insufficient to justify and sustain her conviction. With this we are unable to agree. The State's evidence, briefly stated, shows that Mr. and Mrs. T. H. Bird had rented one of appellant's apartments and were living therein at the time of the alleged assault; that they had always paid the rent promptly as the same became due; that on the occasion of the assault, which occurred between 9:30 and 10:00 P. M., appellant appeared at the apartment of Mr. and Mrs. Bird and inquired of them when they were going to move. Mr. Bird replied that he would move when his time was up. This did not seem to meet with the approval of appellant and she soon became offensive, pricked him in the face with her finger, then turned upon Mrs. Bird and caught her by the hair. Mrs. Bird then caught appellant by the hair and a hair pulling ensued until both fell on a divan. Mr. Bird tried to separate the women and finally succeeded in doing so. Appellant then left but soon returned, armed with a long-bladed knife, pulled off the hook on the screen door, broke a latch on the panel door, entered the kitchen and from there proceeded to the living room where she found Mr. Bird. She attacked him with the knife, the blade of which was between six and seven inches long. She cut him across the arm, and when he retreated, she pursued him and stabbed him in the back, completely severing the fifth and sixth ribs. The attending physician testified in substance that when Mr. Bird was brought to his hospital, he had an X-ray picture made of his chest; that it disclosed that the fifth and sixth ribs were severed; that there was quite a quantity of blood which had collected in the right lung; that the wound was a serious one and one which was calculated to produce death.

The intent of the person committing an assault with intent to murder may be inferred from the character of the weapon used and the nature and extent of the wound inflicted. See Duhon v. State, 136 Tex. Cr. R. 404; Ammann v. State, 145 Tex. Cr. R. 34, and authorities cited.

Appellant did not testify, but introduced a number of witnesses who stated that the ribs of the injured party did not appear to have been cut with a knife but that they appeared to have been broken by some force other than by the use of a knife. It will be noted that an issue of fact was raised which the jury decided adversely to her. Under the facts as disclosed by the record, this court would not be authorized to interfere with the verdict of the jury and the judgment of the court based thereon.

No other question being presented for review, the judgment of the trial court is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

HAWKINS, Presiding Judge.

Conviction is for assault with intent to murder, punishment assessed by the jury's verdict, three years in the penitentiary. In applying the indeterminate sentence statute the trial court directed imprisonment in the penitentiary for not less than one year nor more than three years.

Omitting formal parts the indictment under which conviction was obtained alleged that appellant assaulted T. H. Bird "with the intent then and there to murder the said T. H. Bird." There was no averment that the assault was committed with *malice aforethought*.

Art. 1160 P. C., (1925) in so far as applicable here, read as follows: "If any person shall assault another with intent to murder, he shall be confined in the penitentiary not less than two nor more than fifteen years * * *."

By Acts of 42d Legislature, (1931) page 95, Ch. 61, Art. 1160 was amended, it being thought desirable or necessary be-

cause of the change in our murder statute. As so amended, said Art. 1160 now provides: "If any person shall assault another with intent to murder, he shall be confined in the penitentiary not less than two nor more than fifteen years; provided that if the jury find that the assault was committed without malice, the penalty assessed shall be not less than one nor more than three years confinement in the penitentiary; if the assault be made with a bowie-knife or dagger, or in disguise, or by laying in wait, or by shooting into a private residence, the punishment shall be double.

"Sec. 2. Upon the trial of any person for assault with intent to murder, the Court, in its charge to the jury, shall define malice aforethought, and in a proper case murder without malice, and instruct the jury touching the application of the law to the facts."

It had been held prior to the amendment of 1931 that it was not necessary to allege in an indictment for assault with intent to murder that the assault was made with "malice." In two opinions; Smith v. State, 120 Tex. Cr. R. 34, 48 S. W. (2d) 646 and Small v. State, 116 Tex. Cr. R. 41, 32 S. W. (2d) 860, an indictment omitting an allegation that the assault was made upon "malice" was held to embrace an assault to murder with "malice" under present Art. 1160 P. C. However, as soon as the attention of this court was directed to the principle that the increased penalty could not be inflicted unless the assault was committed with "malice," it was held necessary to allege that the assault was made with malice, otherwise accused stood charged with no other offense than assault to murder *without malice* and no greater punishment could be inflicted than for the latter offense. See Jessie v. State, 126 Tex. Cr. R. 250, 70 S. W. (2d) 743; Dunn v. State, 128 Tex. Cr. R. 229, 81 S. W. (2d) 87; Weathersby v. State, 129 Tex. Cr. R. 420, 87 S. W. (2d) 1102; Collins v. State, 136 Tex. Cr. R. 600, 127 S. W. (2d) 451; McKee v. State, 134 Tex. Cr. R. 309, 115 S. W. (2d) 943; Crown v. State, 143 Tex. Cr. R. 506, 159 S. W. (2d) 872; Rios v. State, 147 Tex. Cr. R. 326, 180 S. W. (2d) 439; Washington v. State, 193 S. W. (2d) 531.

The trial court, believing the indictment in the present case embraced a charge of assault to murder with malice, so instructed the jury upon that phase of the law, evidently overlooking the cases above cited. Appellant's attorney appears to have been under the same impression as the trial court for we find no objection to the court's instructions because of the sub-

mission of assault to murder with malice. The absence of any such objection has given this court much concern.

The trial court properly told the jury that: "In arriving at your verdict you will be governed by the following instructions, and that the law applicable to this case is herein (in the charge) given you and you will be governed thereby."

The court then defined murder and advised the jury that it might be committed either with or without malice. He then defined malice, and told the jury what would constitute murder without malice. He then submitted the case substantially as follows: (Formal parts omitted, we quote from the charge where deemed necessary.)

If you find ·from the evidence beyond a reasonable doubt that appellant *"with malice aforethought"* assaulted Bird with intent to kill him, you will find appellant guilty of the offense of "assault with intent to murder *as charged in the indictment"* and assess her punishment at confinement in the State penitentiary for a term of not less than two nor more than fifteen years. In the next paragraph the court told the jury if appellant assaulted Bird "without malice aforethought" with intent to kill him to find appellant "guilty of the offense of assault with intent to murder" and assess her punishment at not less than one nor more than three years in the penitentiary.

Whether it throws any light on the verdict may be debatable, but attention is called to the fact that the jury were told if they found the assault was made with malice to find appellant guilty "as charged in the indictment," but if the assault was without malice to find appellant guilty without reference to the indictment.

The verdict returned was: "We, the jury, find the defendant Pearl Crowley guilty of the offense of assault with intent to murder *as charged in the indictment,* and assess her punishment at confinement in the State penitentiary for a term of three years."

In entering judgment on the verdict the court did not undertake to adjudge whether appellant was guilty of assault to murder with malice, or was guilty of assault to murder without malice, but simply adjudged her to be "guilty of the offense of assault with intent to murder." ·

However, when the court passed sentence on appellant he undertook to and did apply the indeterminate sentence law as

though the conviction was for assault with intent to murder without malice and directed imprisonment for not less than one nor more than three years.

In determining the offense of which an accused has been found guilty you may look to the offense charged in the indictment, to the verdict of the jury and the penalty assessed, the judgment entered thereon, and to the charge of the court.

In the present case the charge in the indictment was only for assault with intent to murder without malice. Of course, the jury did not know the effect of the indictment, and the court told them erroneously that appellant was therein charged with assault to murder with malice; the verdict followed the very language of the court's instructions in the event they found appellant guilty of assault to murder with malice. The penalty assessed does not aid because the three years could have properly been assessed upon either the offense of assault to murder with or without malice. If the conviction is for assault to murder with malice it is fundamentally erroneous as a conviction for an offense not charged in the indictment. Notwithstanding the court applied the indeterminate sentence law as though the conviction was for assault to murder without malice it could not thus cure the fundamental error if the conviction was for an offense not embraced in the indictment.

Under the peculiar wording of our statute on assault with intent to murder and a different minimum penalty where the offense may be committed with or without malice it is impossible to know how to apply the indeterminate sentence statute without knowing whether the conviction was for assault with intent to murder with malice or without malice. Johnson v. State, 137 Tex. Cr. R. 82, 128 S. W. (2d) 384; Jordan v. State, 140 Tex. Cr. R. 238, 144 S. W. (2d) 274. This court is in possession of all the information available to the trial court upon the question of what offense appellant was convicted. We freely admit that upon the record we do not know.

Art. 658 C. C. P. requires objections to the court's charge to be made before it is read to the jury. If objection had been properly presented to the submission of assault to murder with malice it would not be debatable as to it being reversible error to have given it. In the absence of objection it then becomes necessary to consider whether Art. 666 C. C. P. has application. It provides that if the requirements in Art. 658 have been disregarded "the judgment shall not be reversed unless the error

appearing from the record was calculated to injure the rights of defendant, or unless it appears from the record that the defendant has not had a fair and impartial trial."

In Long v. State, 43 Texas 467, accused was charged with driving cattle from their accustomed range, and also an insufficient charge of theft of the cattle. Under a general verdict accused was found guilty and given two years in the penitentiary. The last paragraph in the opinion is so pertinent to the question in the present case we quote:

"The court, however, treated the indictment as containing two counts, one for the offense of driving cattle from their range, and the other for theft. The jury were instructed that they might find defendant guilty under either of these counts, and they brought in a general verdict of guilty, assessing the punishment at two years in the penitentiary. For aught that appears to the contrary, they may have intended to find defendant guilty of theft, and not of the offense really charged in the indictment. The punishment inflicted might be assessed for either crime, being the maximum they could have inflicted for the latter offense and the minimum for theft of cattle of $20.00 in value or over. This error in the charge of the court requires a reversal of the case."

While the opinion was written in 1875, long before Arts. 658 and 666 C. C. P. were enacted, the reasoning in said opinion is not affected thereby, and seems unanswerable. To the same effect is Washington v. State, 68 Tex. Cr. R. 589, 151 S. W. 818.

In the present case the court told the jury that appellant might be convicted of assault to murder with malice and be sent to the penitentiary for as much as fifteen years. That such a charge was "calculated to injure the rights of defendant" is beyond doubt. If the jury had been advised that under the indictment defendant was charged only with assault to murder without malice and that the punishment therefor was not less than one nor more than three years the jury could have operated within those terms in assessing the penalty. Of course, it is speculative as to whether the jury under proper instructions would have assessed the maximum punishment for assault to murder without malice. That the erroneous instruction was calculated to injure appellant in the respect mentioned seems obvious.

We are unwilling to let this judgment stand under the record before us, with the uncertainty of the verdict and the erroneous

submission of an offense not embraced in the indictment. If the State desires to again try appellant for assault to murder with malice a new indictment may be secured properly so charging, and the jury be so instructed that if conviction should follow this court may know with certainty of what offense appellant was convicted.

The motion for rehearing should be granted, the opinion of affirmance set aside, and the judgment of the trial court now be reversed and the cause remanded, and it is so ordered.

### ON MOTION FOR REHEARING.

GRAVES, Judge (dissenting).

"That is certain which is capable of being made certain."

The trial court made a mistake when he charged the jury on assault with malice, such not being charged in the indictment. He also charged on murder without malice, which was the only charge in the indictment. When the jury decided on their verdict, they found appellant guilty as charged in the indictment, not as charged in the mistaken paragraph of the court's charge. The indictment charging only an assault without malice, a reference thereto makes certain that appellant was found guilty of an assault without malice, and the trial court so construed it and correctly sentenced her to not less than one nor more than three years in the penitentiary.

Again, appellant's attorney read the charge and filed his only objection thereto as follows: "That same is not a proper charge upon the facts and the law applicable to the facts in this case, and nowhere submits defendant's affirmative defense of defense of defendant's mother or of her property."

Under the statute, Art. 658, C. C. P., this mistake in the court's charge should have been called to the trial court's attention prior to the reading of the charge to the jury. See Pocket Part (1946), Art. 658, Vernon's Ann. C. C. P., Vol. 2.

There is no mention made of such mistake, not even in the motion for a new trial, and I think an objection in this court for the first time comes too late and would destroy the purpose for which the statute was created.

I therefore respectfully dissent from the opinion of my brethren granting a rehearing and ordering a reversal of this cause.