**Benjamin Franklin LOCKHART, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 60216.

Court of Criminal Appeals of Texas, En Banc.

Oct. 17, 1979.

Rehearing Denied Nov. 28, 1979.

Robert A. Heath, Houston, for appellant.

Carol S. Vance, Dist. Atty., Calvin A. Hartmann and Michael Hinton, Asst. Dist. Attys., Houston, and Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON STATE'S MOTION FOR REHEARING

PHILLIPS, Judge.

This cause was reversed on original submission. We withdraw that opinion and reverse upon another ground. The punishment assessed was not authorized by the indictment.

Although not briefed, it is noted that the indictment alleges murder by malpractice under Article 1200, the former Penal Code, but it does not allege that it was done with malice aforethought. Without such an allegation, the murder could be only without malice. The maximum punishment for murder without malice was five years under Article 1257b, V.A.P.C. (1925). The punishment was assessed in this cause at eight years, probated, which was a greater punishment in years than was authorized by the Legislature.[1]

An assessment of a penalty exceeding five years was held to be reversible error under an indictment for murder not alleging that the killing was with malice aforethought. *Cox v. State*, 116 Tex.Cr.R. 528, 28 S.W.2d 146 (1930).

In *Myatt v. State*, 114 Tex.Cr.R. 516, 26 S.W.2d 915 (1930), a punishment of 10 years for an unlawful killing was held to be improper and reversible error where the indictment did not allege that it was done with malice aforethought. See Article

1. There are serious questions concerning the constitutionality of the statute and the sufficiency of the indictment which need not be discussed in view of the disposition of the cause.

1257, Note 8, of the former code for other cases to the same effect.

Because the punishment assessed was not authorized by law, the State's Motion for Rehearing is overruled; the judgment is reversed and the cause remanded.