## S. D. LONG v. THE STATE.

1. INDICTMENT—DRIVING STOCK FROM THEIR RANGE.—Where by one act several cattle belonging to different persons were driven from their accustomed range, it is not necessary that the act be divided into several charges; the act may be prosecuted in one indictment.

2. SAME.—See an indictment held sufficient to charge the fraudulent driving of several cattle from their accustomed range, belonging to several persons.

3. SAME—THEFT.—An indictment charging the fraudulent driving of cattle from their range, and followed by a charge of theft, but in such charge not describing the property taken, will not be considered as a separate count, but only as a summation of the preceding acts into one charge.

APPEAL from Falls. Tried below before the Hon. N. W. Battle, Judge of the Criminal District Court of the cities of Waco and Marlin.

*W. B. Forde*, for appellant.

*George Clark, and A. J. Peeler*, for the State.

GOULD, ASSOCIATE JUSTICE.—The material part of the indictment under which appellant was convicted is as follows: "In the name, &c., the grand jurors, &c., upon their oath, in the district of said county, in open court, present: That Dick Long, late of said county, on the tenth day of April, A. D. (1872,) eighteen hundred and seventy-two, with force and arms, in the county and State aforesaid, did then and there willfully, fraudulently, and feloniously take into his possession and drive from its accustomed range one pale-red beef steer, (describing it by mark and brand,) not then and there his own property, but then and there the property of Mrs. Eliza Walker, without the consent of the owner, and with the intent to defraud the owner, said beef steer being then and there of the value of fifteen dollars; and the said Dick Long did then and there willfully, fraudulently and feloniously also take into his possession and drive from its accustomed range one other certain beef steer branded, (giving mark and brand,) said beef steer being then and there of the value of fifteen dollars, said beef steer then and there not being his own property, but then and there the property of John T. Smith, William O. Smith, and Joseph E. Smith, without the consent of the owner and without the consent of either one of the owners, with intent then and there to defraud the owners thereof; and the said Dick Long did then and there willfully and feloniously take into his possession and drive from its accustomed range one other certain blue beef steer, (describing it by age, mark and brand,) which said beef steer was then and there of the value of fifteen

dollars, and which said beef steer was not then and there the property of the said Dick Long, but being then and there the property of S. C. Hanna, John Hanna, and George Heaton, without the consent of the said owners or either of them, and with intent to defraud the said owners thereof. And the grand jurors aforesaid do say that the said Dick Long, on the said tenth day of April, in the year of our Lord eighteen hundred and seventy-two aforesaid, in the county of Falls and State of Texas aforesaid, did willfully, fraudulently, and feloniously take, steal, and carry away in the manner and form aforesaid, without the consent of the said several owners aforesaid, and with intent to deprive the said several owners aforesaid of the value of said above-described beef steers, and with intent to appropriate it to the use and benefit of him, the said Dick Long, the person taking, contrary to the form of the statute in such case made and provided, and against the peace and dignity of the State.

There was a motion to set aside the indictment, on the ground that it charged both theft and driving cattle from their range, and further that it united in one charge several misdemeanors for the purpose of making of them a felony. There was also a motion in arrest of judgment, on the ground, 1st. That the indictment did not show that it was presented in any court; and 2d. "Because it charges three several and distinct offenses known to and described by the Penal Code of Texas, and does not show that they were committed by one act, or any other facts which warrant said indictment."

In the case of Smith *v.* The State, decided a few days since, it was held that the act of driving cattle from their accustomed range with intent to defraud, as defined in article 2410*b*, Paschal's Digest, (Penal Code, 766*a*,) was still an offense and still punishable, as prescribed in that article. Though a felony and a species of theft, it differs from ordinary theft, both in its definition and its punish-

ment; and a party indicted for the crime defined in article 2410*b* is only liable to be convicted of the specific offense charged, and cannot under such an indictment be convicted or punished for theft. (Bishop on Stat. Crimes, sec. 425.)

This much being premised, it is our opinion that the indictment does not charge appellant with theft, but simply with driving three beeves from their accustomed range with intent to defraud. If it were the intention of the framer of the indictment to make the latter part of it a distinct count, charging the theft of the three beeves before described, he omitted to allege in that part of the indictment that anything whatever was taken or stolen, and wholly failed to accomplish his object. Taken by itself as a separate count it really charges nothing. This part of the indictment was, however, probably designed to state, by way of summation, that by reason of the acts charged in the preceding part of the bill, the defendant was deemed guilty of theft of the beeves described.

The objections to the indictment taken in the motion to set aside were unfounded, and that motion was properly overruled.

As to the motion in arrest, the first ground, that the indictment failed to show that it was presented in any court, was not available at that stage of the case. (Matthews *v*. The State, Tyler term, 1874.) The second ground presents two questions, 1st. Whether, when a party by one act drives from their range cattle owned by different persons, or by one act steals the property of different persons, the whole transaction may not be charged as one offense? 2d. If so, does this indictment properly state such a case?

On authority as well as principle we think the State is not bound to divide the single act into all the separate charges which might be formed out of it, but may charge the taking by one act of the property of different persons

as one offense. (1 Bishop's Cr. Law, secs. 804, *et seq*, and 892; 2 Id., secs. 878–879; 1 Hale's Pleas of Crown, 531; 2 Russ. on Crimes, 126; 1 Arch. Cr. Prac. and Plead., p. 314, note; 3 Chit. Cr. Law, 959, note I; State *v.* Merrill, 44 N. H., 624; State *v.* Morphin, 37 Mo., 373; State *v.* Thurston, 2 McMul., 382; State *v* Nelson, 29 Me., 329; United States *v.* Beerman, 5 Cranch, C. C., 420.)

In this case the grade of the offense is not affected by the joinder. Under the statute the punishment may be imprisonment in the penitentiary, though but one animal be driven from its range.

2d. Does the indictment properly charge that the taking was one act, or does it charge distinct acts and offenses, in such a way as to make it uncertain and defective as a charge of any violation of the law? By reference to the precedents of indictments for larceny of the property of different persons by one act it appears that the act of taking and stealing is alleged but once, the different articles taken, with proper averments of ownership, being stated in connection. The form given by Chitty is, "One silver spoon, of the value of ten shillings, of the goods and chattels of one J. L.; two brass candlesticks, of the value of two shillings, and two linen shirts, of the value of six shillings, of the goods and chattels of one E. W., then and there being found, feloniously did steal, take, and carry away," &c. (3 Chit. Cr. Law, 959–960; Whart. Prec., 193.) The indictment in this case does not follow these precedents, but charges the driving of one beef, and follows it up with a charge of driving another, and yet another, connecting the averments by the words then and there. The form in which the averments are made is perhaps objectionable, as failing with sufficient certainty to show that it was all one transaction; but we are not prepared to say that the uncertainty is such as reaches the substance of the indictment, and so infects it that it does not appear "from the face thereof that any offense against the law

was committed by the defendant." (Paschal's Dig., arts. 2954, 3143.)

On a motion in arrest of judgment no objection to the indictment is available other than for a substantial defect therein, and we do not regard this indictment as failing to charge substantially the driving of the three beeves by one act.

The court, however, treated the indictment as containing two counts, one for the offense of driving cattle from their range, and the other for theft. The jury were instructed that they might find defendant guilty under either of these counts, and they brought in a general verdict of guilty, assessing the punishment at two years in the penitentiary. For aught that appears to the contrary, they may have intended to find defendant guilty of theft, and not of the offense really charged in the indictment. The punishment inflicted might be assessed for either crime, being the maximum they could have inflicted for the latter offense and the minimum for theft of cattle of $20 in value or over. This error in the charge of the court requires a reversal of the case.

There are other questions, but as they may not again arise, they are left unnoticed.

The judgment is reversed and the cause remanded.

REVERSED AND REMANDED.