HARRY WILSON v. THE STATE.

No. 11965.   Delivered November 14, 1928.
Rehearing denied January 9, 1929.

The opinion states the case.

*G. A. Crisp* of Kaufman, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

LATTIMORE, JUDGE.—Conviction for desertion of appellant's minor child under the age of sixteen years; punishment, a fine of $150.00.

The record is here without any statement of facts or bills of exception.   The proceedings shown in the record appear to be regular.

No error appearing, the judgment is affirmed.

*Affirmed.*

ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—One ground of appellant's motion for new trial was that the verdict of the jury was contrary to the evidence. Manifestly this court would be in no position to determine the matter in the absence of the facts proven.   Our attention is called to a supplemental transcript in which is found an affidavit which seeks to show that the absence of the statement of facts could not be attributed to appellant.   The motion for new trial was overruled on the 7th day of April, 1927, and by order then entered thirty days were

granted in which to file bills of exception and statement of facts. After reciting some preliminary matters the affidavit relating to the statement of facts made by appellant's attorney contains the following recital:

"Affiant further states that long prior to the expiration of said thirty days, and within thirty days from the date of the overruling of said motion for a new trial, as aforesaid, he prepared and presented to the opposing Counsel Monroe Ashworth, County Attorney of Kaufman County, Texas, a full and complete statement of all the facts testified to upon the trial of this cause which included the testimony of four witnesses and that the said County Attorney refused to agree to said statement of facts, whereupon, this affiant and said County Attorney made known to the County Judge of Kaufman County, Texas, who tried this cause, the fact of their failure to agree upon a statement of facts, and affiant requested the said County Judge to prepare and file with the County Clerk of Kaufman County, Texas, a statement containing the facts testified to by the witnesses upon the trial of this cause. Affiant further states that the said County Judge did not and has not filed any sort of a statement of the facts in said cause, but has ignored the rights of this defendant and the request of his counsel in the preparation and filing of a statement of the facts in this cause.",

In our Code of Criminal Procedure, 1925 Revision, we find no detailed directions for securing a statement of facts in a misdemeanor case. Subdivision 1 of Art. 760, C. C. P. provides in part, that "if a new trial be refused, a statement of facts may be made, ordered, agreed to, approved and certified as in civil suits."

It will be seen that by such enactment we are in misdemeanor cases sent to the civil statutes for particulars. Art. 2240, Revised Civil Statutes (1925), Subdivisions 1 and 2, read as follows:

"1. If the parties do not agree upon such statement of facts, or if the judge does not approve or sign it, the parties may submit their respective statements to the judge, who shall, from his own knowledge, with the aid of such statements, prepare and sign and file with the clerk a correct statement of the facts proved on the trial; and such statement shall constitute a part of the record.

"2. The judge shall not be required to prepare such statement of facts unless the party appealing, by himself or attorney, within the time allowed for filing, shall present to the judge within fifteen days after adjournment of the court, or after the entering of the final judgment, as the case may be, a statement of facts and shall certify

thereon, over his signature, that to the best of his knowledge and belief, it is a full and fair statement of all the facts proved on the trial."

By no showing made to this court does it appear that the statement of facts submitted to the trial judge by appellant's attorney was certified to be a "full and fair statement of all the facts proved on the trial," in the absence of which by the positive provision of Subdivision 2 of said Art. 2240 the trial judge was not required to prepare such statement. In Cruz v. State, 172 S. W. 790, to which we are referred by appellant, the affidavit was similar to the one found in the present record. The opinion in that case takes no notice of the provision now found in Subdivision 2 of Art. 2240, supra, which was then embraced in Art. 845, of the C. C. P. We may assume, therefore, that either such provision had been complied with in the Cruz case or the failure to comply with it was not called to this court's attention.

In the absence of an affirmative showing that the requirements of Art. 2240, R. C. S. had been complied with in the particulars mentioned, we cannot hold that the County Judge was under obligation to prepare a statement of facts.

It follows that appellant's motion for rehearing must be overruled.

*Overruled.*