## Don L. Gholston v. The State.

No. 19461.   Delivered February 16, 1938.

The opinion states the case.

*Dillard C. Rolston*, of Pittsburg, for appellant.

*Lloyd W. Davidson*, State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—Conviction for a misdemeanor; punishment being assessed at a fine of $150.

No authenticated statement of facts is brought forward. However, the affidavit of appellant's counsel sets forth that he and the county attorney were unable to agree on a statement of facts; that within 15 days after the adjournment of court counsel presented to the county judge a statement of facts, requesting that same be approved; that the judge refused to comply with said request and failed to prepare and file a statement of facts in said cause. It appears further that there was no want of diligence on the part of counsel. We quote from the affidavit, as follows:

"On subsequent occasions the court's attention was called to these bills of exception and the statement of facts but action thereon was each time refused. A few days before the expiration of thirty days after adjournment of the August term, 1937, of the court a conference was held between the county attorney, county judge and attorney for appellant, which conference was arranged by attorney for appellant in an effort to secure some action upon his bills of exception and statement of facts. The court and county attorney refused to agree to anything or to take any action whatever as to the tendered bills and statement

of facts. * * * Forty days have elapsed since the statement of facts certified as above was presented to the court for his approval, and he has failed and refused to either approve, refuse or prepare and file a statement of facts of his own in lieu thereof."

The statement of facts presented to the trial judge was certified by appellant's counsel, as follows:

"This is to certify that the parties to the above entitled and numbered cause have failed and are not able to agree upon the statement of facts therein, that to the best of the knowledge and belief of the undersigned attorney for defendant the above and foregoing typewritten matter, consisting of three pages which is hereby submitted to the judge of the court as the statement of facts therein is a full and fair statement of all the facts proved on the trial of such cause. Witness my hand this first day of September, A. D. 1937. (Signed) Dillard C. Ralston, Attorney for Defendant."

In Wilson v. State, 12 S. W. (2d) 570, it was held that Art. 2240, R. C. S., 1925, subdivisions 1 and 2, should be looked to for detailed directions for securing a statement of facts in a misdemeanor case. We quote said subdivisions, as follows:

"1. If the parties do not agree upon such statement of facts, or if the judge does not approve or sign it, the parties may submit their respective statements to the judge, who shall, from his own knowledge, with the aid of such statements, prepare and sign and file with the clerk a correct statement of the facts proved on the trial; and such statement shall constitute a part of the record.

"2. The judge shall not be required to prepare such statement of facts unless the party appealing, by himself or attorney, within the time allowed for filing, shall present to the judge within fifteen days after adjournment of the court or after the entering of the final judgment, as the case may be, a statement of facts and shall certify thereon, over his signature, that to the best of his knowledge and belief, it is a full and fair statement of all the facts proved on the trial."

Manifestly there is an affirmative showing that the requirements of Art. 2240, supra, were complied with in the particulars mentioned. The record is accompanied by no controverting affidavits. Under the circumstances, we are constrained to hold that appellant has been deprived of a statement of facts without negligence on his part. Hence he is entitled to a reversal of the judgment. Cruz v. State, 172 S. W., 790.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.