## MANUEL HERRING V. THE STATE.

No. 20497. Delivered October 25, 1939.

The opinion states the case.

*Ed Hoover, Jr.*, of Canadian, for appellant.

*Lloyd W. Davidson*, State's Attorney, of Austin, for the State.

KRUEGER, Judge.

The offense charged is the unlawful sale of whisky in dry area. The punishment assessed is a fine of $100.

Appellant has filed an application for a writ of certiorari to require the Clerk of the County Court to send up to this Court a certified copy of a statement of the facts prepared by him and his attorney for the purpose of completing the record in this cause. He also asks that the case be reversed because he has been deprived of a statement of facts herein without any fault on his part. We do not see that it would serve any useful purpose to grant the writ of certiorari as prayed for, because· the statement of facts which he prepared and filed with the county clerk is not approved by the trial court and if it were before us we could not consider it without its being properly authenticated.

While the record before us is somewhat confusing, yet as we understand it appellant in due time prepared a statement of the facts adduced upon the trial and submitted it to the county attorney who had some objections thereto which he set out in a letter to appellant. Thereupon appellant took the statement of facts prepared by him and properly certified by him as required by Sec. 2 of Art. 2240 R. C. S., 1925, to the County Judge, together with the county attorney's objections thereto, and requested the County Judge to prepare and file a full, fair and complete statement of the facts, which he agreed to do within the time required by law, but which he failed to do. It appears from appellant's motion that on numerous occasions he called the County Judge's attention to· the fact that he had not yet filed a statement of facts and that on each occasion he promised to do so. Under the facts, as we understand them from the record, it appears that appellant has been deprived of a statement of facts without any fault on his part.

The trial judge's certificate concerning this matter appears in the record as follows: "This is to certify that the court in cause entitled The State of Texas vs. Manuel Herring, No. 780 pending in the County Court of Hemphill County, Texas, and now on appeal to The Court of Criminal Appeals of the State of Texas, was requested by the attorney for the defendant, Ed Hoover, Jr., who prepared and presented a statement of the facts, as shown by the instrument on file in this cause, and within the time required by law, to prepare and file a statement of the facts in said cause, and that said attorney on many occasions called my attention to the fact that the same should be prepared and filed in said cause, but the said statement of facts was not prepared and delivered."

Since the appellant was deprived of a statement of facts without any fault on his part, it follows that the cause must be reversed and remanded under the following authorities: Wilson v. State, 111 Tex. Crim. Rep., 393; Chumbley v. State, No. 20,498, decided this day but not yet reported (page 491 of this volume); Gilley v. State, 13 S. W. (2d), 707-708; 4 Tex. Juris, p. 450, Sec. 312; Gholston v. State, 133 Tex. Crim. Rep., 615; Bingham v. State, 37 S. W., 755.

The judgment is reversed and the cause remanded.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.