RAFAEL HINOJOSA V. THE STATE.

No. 23798. Delivered November 19, 1947.
Rehearing Denied January 7, 1948.

*J. O. Jones* of Raymondville, for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

HAWKINS, Presiding Judge.

It was charged by complaint and information that appellant did "unlawfully and knowingly permit a gaming device, to-wit: a device commonly known as cards for playing a game known as 'running the ponies' to remain in his possession and on his premises, under his control, then and there situated in Willacy County, Texas, to be used for gaming purposes." The prosecution was under Art. 630 P. C. Appellant entered a plea of guilty before the court and his punishment was assessed at thirty days in jail.

Under authority of Abraham v. State, 118 Tex. Cr. Rep. 136, 39 S. W. (2d) 42; anod France v. State, 39 S. W. (2d) 43, the information and complaint appear to sufficiently charge the offense.

The record as brought forward is in a most unsatisfactory condition.

Incorporated in the transcript is a statement of facts prepared by the trial judge when the attorneys failed to agree. The statement of facts has no place in the transcript. To so place it is contrary to the provisions of Sec. 2, Art. 760 C. C. P., as amended by Acts of 1931, 42 Leg. p. 12, ch 11. However, we find in the bill of exception prepared by the court a statement of the facts proven at the time the plea of guilty was received which may be resorted to, if necessary, in disposing of the case.

Court convened on May 5th and adjourned on May 31st. The judgment on appellant's plea of guilty was entered on May 19th. The motion for new trial was overruled on May 21st and notice of appeal entered of record the same day, and appellant's bond pending appeal was also filed and approved on the same day, viz. May 21st. When notice of appeal was given the trial court lost jurisdiction to do anything but perfect the record to this court.

On pages thirteen to twenty-seven inclusive of the transcript are found a certificate of a doctor, and the affidavits of appellant, A. S. Wilson, W. E. Bunn, Fred Zamorano, C. F. Rasbeary, Leon S. Gandy, Guadalupe Hinojosa, and G. W. McDougald. We are at a loss to ascertain what place these affidavits have in this record. They were all filed on June 14th, long after the trial court lost jurisdiction of the case. Counsel for appellant in his brief refers to them as bystanders bills. The facts set up in the affidavits might have been pertinent on a trial on a plea of not guilty, but there is no pretense that the witnesses were offered when the plea of guilty was entered, or even on the hearing of the motion for new trial. The order overruling the motion recites specifically that "no evidence was presented to the court."

Where a plea of guilty is entered in a misdemeanor case and a jury is waived, punishment may be assessed by the court either upon or without evidence. Art. 518 C. C. P. And a judgment of conviction will not be set aside unless the evidence heard upon the plea of guilty shows the innocence of accused. Looking to the facts certified by the court in his bill of exception heretofore referred to, we cannot say the innocence of appellant was shown. His plea of guilty admitted the truth of each material averment in the information. See notes under Art. 518 Vernon's Ann. C. C. P.

The judgment is affirmed.

ON MOTION FOR REHEARING.

GRAVES, Judge.

Appellant contends that the facts shown herein are identical with those appearing in the case of Reynolds v. State, 194 S. W. (2d) 1008, which case was reversed by this court on the proven facts.

From all the facts properly before this court, we think i⁺

is clearly shown that appellant pleaded guilty in open court to the charge in the information, expressing a willingness to pay and expecting to be allowed to pay a monetary fine and be relieved of this prosecution. The county judge did not see fit to fine him, but instead gave him a penalty of thirty days in jail, with which term he seems to be dissatisfied. As said in our original opinion, we cannot take into consideration the affidavits of those engaged in this game of "running the ponies", as well as those of others, all made and filed long after the County Court had lost its jurisdiction of this cause, same being on appeal to this court.

We think the case of Reynolds v. State, supra, is not in point herein, and being impressed with the correctness of the original opinion, this motion will be overruled.