JAMES JACK SEAMSTER AND JAY LEE SEAMSTER V. STATE

No. 27,725. November 2, 1955

*Reed & Reed,* by *J. W. Reed,* Abilene, for appellant.

*Leon Douglas,* State's Attorney, Austin, for the state.

BELCHER, Judge.

Appellants were convicted for the offense of misdemeanor theft and the punishment for each was assessed at two years in jail and a fine of $500.

Appellant, Jay Lee Seamster, entered a plea of guilty, and appellant, James Jack Seamster, entered a plea of not guilty.

No authenticated statement of facts accompanies the record. The testimony presented on the trial was not reported.

Appellants contend that the information and complaint are fatally defective because they are duplicitous in that they allege that the appellants "did then and there at the same time and place and by the same act and intent fraudulently take" four different sums of money of the aggregate value of $34 from the possession of, belonging to and without the consent of four different owners. The acts charged consist of one transaction and are but one offense, and therefore, duplicity is not shown in the state's pleadings. Addison v. State, 3 Texas App. 40; Hudson v. State, 9 Texas App. 151, 35 Am. Rep. 732; Long v. State, 43 Texas 467; Clark v. State, 28 Texas Cr. R. 189, 12 S.W. 729, 19 Am. St. Rep. 817; Thompson v. State, 35 Texas Cr. R. 511, 34 S.W. 629; Ratcliff v. State, 118 Texas Cr. R. 616, 38 S.W. 2d 326; Branch's Ann. P.C., p. 259, Sec. 506; 23 Texas Jur. 652, Sec. 46; Texas Dig., Indictment and Information, Key No. 125(45) ; 28 ALR2d 1179, 1186.

Appellants further seek a reversal because they were, after the exercise of due diligence and without any fault on their part, denied a statement of facts.

The affidavit of appellants' counsel sets forth facts relative to the approval of appellants' proposed statement of facts submitted to state's counsel within a short time after notice of appeal, which show that he and state's counsel, after numerous discussions, were unable to agree on a statement of facts. It further shows that after the expiration of 75 days after giving notice of appeal appellants' counsel submitted to the trial judge a statement of facts which bore his verified statement that the parties in said cause had failed and were unable to agree upon a statement of facts therein, and that the statement of facts therewith submitted was a fair, accurate, and true statement of the facts to the best of his knowledge and belief. The affidavit shows further that by written motion in addition to several oral requests appellants' counsel urged the trial judge to approve the proposed statement of facts or prepare and file his own; and that the judge failed to approve such statement of facts and also failed to prepare and file his own statement of facts in this cause.

State's counsel admits the receipt and consideration of appellants' proposed statement of facts and admits that after many discussions they were unable to agree upon a statement of facts.

We conclude from the record that appellant, James Jack Seamster, has been deprived of a statement of facts after the exercise of due diligence and without any fault on his part or that of his counsel, and that the judgment of conviction against him should be reversed. Art. 759a, Vernon's Ann. C.C.P.; 4 Texas Jur. 450, Sec. 312; Gholston v. State, 133 Texas Cr. R. 615, 113 S.W. 2d 1233; Herring v. State, 137 Texas Cr. R. 502, 132 S.W. 2d 418.

A different rule applies to appellant, Jay Lee Seamster, whose plea of guilty to the charge of misdemeanor theft admitted the truth of all the material averments in the information. Art. 518, Vernon's Ann. C.C.P.; Hawkins v. State, 158 Texas Cr. R. 406, 255 S.W. 2d 875. In such cases a judgment of conviction will not be set aside unless the testimony heard upon the plea of guilty shows the innocence of the accused. Hinojosa v. State, 151 Texas Cr. R. 301, 206 S.W. 2d 1011.

Appellants' verified proposed statement of facts, submitted to state's counsel and the trial judge with a request for its approval, is contained in the record. We have examined said statement of facts and it does not disclose any fact or circumstance pointing to the innocence of the appellant, Jay Lee Seamster.

Nor is any prejudicial matter shown which may have caused the jury to assess a greater punishment against him. Therefore, the denial of a statement of facts to the appellant, Jay Lee Seamster, does not warrant a reversal of the judgment of conviction against him.

For the above reasons, the judgment of conviction against appellant, Jay Lee Seamster, is affirmed, and the judgment against appellant James Jack Seamster is reversed and remanded.

Opinion approved by the court.