**Walter Lee FERGUSON, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 35987.

Court of Criminal Appeals of Texas.

Oct. 30, 1963.

Musslewhite & Musslewhite by Benton Musslewhite, Lufkin, for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

BELCHER, Commissioner.

The conviction is for driving while intoxicated; the punishment, three days in jail and a fine of $100.

No authenticated statement of facts accompanies the record. The proposed statement of facts contained in the record has been approved only by appellant's attorney.

Appellant contends that he has been deprived of a statement of facts without any fault or negligence on his part.

By affidavit filed in this cause in the trial court on August 15, 1963, and brought forward by supplemental transcript to this Court the attorney for appellant seeks to show that he has been deprived of a statement of facts.

The affidavit recites that the court reporter delivered the statement of facts to the attorney for the appellant on August 5, 1963; that after approving it he presented the statement of facts to the county attorney and the county judge on August 5, and requested them to approve it but they refused to do so.

The record is silent on the position of the county attorney and the trial judge regarding their refusal to approve the statement of facts.

■ When the county attorney would not agree to the statement of facts by refusing to approve it, it became incumbent on the trial judge to approve the statement of facts as presented or to prepare, certify, and file a statement of facts. Art. 759a, Vernon's Ann.C.C.P.; Seamster v. State, 162 Tex.Cr.R. 172, 283 S.W.2d 243.

It appears from the record that the appellant has been deprived of a statement of facts without fault on his part, and under such circumstances he is entitled to a reversal of his case.

The judgment is reversed and the cause remanded.

Opinion approved by the Court.